JEWELL H. BAILS *et al.* Appellants, *vs.* HENRY DAVIS *et al.* Appellees.

*Opinion filed October 26, 1909.*

1. REAL PROPERTY—*rule in Shelly's case is a rule of property in Illinois.* The rule in *Shelly's case* is one of the most firmly established rules of property and is unshaken in this State.

2. SAME—*the rule in Shelly's case defined.* Under the rule in *Shelly's case,* which is in force in Illinois, if an estate for life is granted by any instrument and the remainder is limited by the same instrument, either mediately or immediately, to the heirs of the life tenant, the latter takes the remainder and the life estate.

3. SAME—*application of the rule in Shelly's case does not turn upon quantity of estate given to ancestor.* The application of the rule in *Shelly's case* to a given case does not depend upon the quantity of the estate given to the first taker, whether a life estate or more, but upon the nature of the estate intended to be given to the heirs, whether by inheritance or otherwise.

4. SAME—*all heirs taking as heirs must take by descent.* When an heir takes in the character of heir he must take in the quality of heir and all heirs taking as heirs must take by descent.

5. SAME—*effect of limitation to heirs by that name as a class.* A limitation to heirs by that name as a class, to take in succession, from generation to generation, requires the inheritance imported by that limitation to vest in the first taker.

6. SAME—*requisites of rule in Shelly's case.* The requisites of the rule in *Shelly's case* are a freehold estate; a limitation of the remainder to the heir or heirs of the body of the person taking the freehold estate by the designation of heirs as a class, without explanation, as meaning sons, children, etc.; the estates of free-

hold and in remainder must be created by the same instrument and be of the same quality,—both legal or both equitable.

7. SAME—*estate of ancestor and that of heirs need not be of same quantity.* It is not essential to the application of the rule in *Shelly's case* that the estate of the ancestor and the estate of the heirs be of the same quantity, and it is no objection that the life estate is in one-half the property, only, while the remainder is in the whole tract.

8. SAME—*effect of merger of life estate and remainder in ancestor.* The fact that the life estate of the ancestor in one-half the property may, by the death of the other co-tenant during the ancestor's lifetime, become merged with the remainder in him, does not affect the application of the rule in *Shelly's case.*

9. SAME—*under rule in Shelly's case there is no contingent remainder.* Under the rule in *Shelly's case* there is no contingent remainder which might be destroyed if it did not vest before the termination of the particular estate, since the remainder to the heirs is declared by the rule to be in the ancestor, the same as though it had been expressly given to him and his heirs.

10. SAME—*when the estate in remainder vests at once.* Where there is a limitation to several for their lives with a remainder in fee to the heirs of one of them, the estate in remainder vests at once in the ancestor to whose heirs it purports to be given; and it is immaterial whether the estate of the ancestor be such as may possibly determine in his lifetime or not.

11. DEEDS—*when rule in Shelly's case applies to deed.* Where a statutory quit-claim deed conveys property to "Joseph Kretzer and Mora Kretzer, his wife, during their natural lives, and after their death to the heirs of said Joseph Kretzer," the rule in *Shelly's case* applies and the husband and wife take as tenants in common during their joint lives with the remainder in fee to the husband, and upon the wife's conveyance of her estate to the husband he becomes vested with the whole title.

APPEAL from the Circuit Court of Macon county; the Hon. W. C. JOHNS, Judge, presiding.

A. C. ANDERSON, for appellants:

The rule in *Shelly's case* applies where there is a devise or grant to two or more persons as tenants in common or as joint tenants and there is a limitation over to the heirs of one of them. Tudor on Real Prop. (4th ed.)

344; 2 Washburn on Real Prop. 556; Fearne on Contingent Remainders, 209; *Bullard* v. *Goff,* 20 Pick. 252.

It makes no difference as to the operation of the rule whether the remainder is one in expectancy or in possession. Fearne on Contingent Remainders, 209; 2 Washburn on Real Prop. 556.

Whether or not there is a merger is a secondary question, which has no effect on the operation of the rule. Kales on Future Interests, sec. 130; Fearne on Contingent Remainders, 209.

Mr. JUSTICE DUNN delivered the opinion of the court:

A demurrer was sustained to a bill for partition filed in the circuit court of Macon county, the bill was dismissed for want of equity and the complainants have appealed.

The complainants deraign title from Jonas Nye. He conveyed the premises by a statutory quit-claim deed "to Joseph Kretzer and Mora Kretzer, his wife, during their natural lives and after their death to the heirs of said Joseph Kretzer." The Kretzers were afterward divorced and Mora Kretzer conveyed all interest in the premises to Joseph Kretzer, whose title by subsequent conveyances has become vested in the complainants. Joseph Kretzer has two sons, one of whom conveyed his interest in the premises to the other, who was made a party to the bill and filed the demurrer.

Appellants claim to be seized of the premises in fee simple. Whether they are so seized depends upon the question whether the title conveyed by Jonas Nye to Joseph Kretzer was a fee or only a life estate. The language of the deed purports to convey the premises to the grantees during their joint lives and after their death to the heirs of Joseph Kretzer. Appellants claim that this deed is within the rule in *Shelly's case* and conveyed a fee to Joseph Kretzer, subject only to the life estate of Mora Kretzer as a

tenant in common of the premises, and that by the conveyance of her interest the whole estate vested in Joseph Kretzer. No brief has been filed on behalf of the appellees.

Under the rule in *Shelly's case,* which is in force in this State, if an estate for life is granted by any instrument and the remainder is limited by the same instrument, either mediately or immediately, to the heirs of the life tenant, the life tenant takes the remainder as well as the life estate. The rule is one of the most firmly established rules of property and is unshaken in this State. In determining whether it is applicable in a given case the question does not turn upon the quantity of estate intended to be given to the first taker, whether a life estate or more, but upon the nature of the estate intended to be given to the heirs, whether by inheritance or otherwise. (*Vangieson* v. *Henderson,* 150 Ill. 119; *Ward* v. *Butler,* 239 id. 462.) When the heir takes in the character of heir he must take in the quality of heir, and all heirs taking as heirs must take by descent. (*Baker* v. *Scott,* 62 Ill. 86.) The limitation to heirs by that name as a class, to take in succession from generation to generation, requires the estate of inheritance imported by that limitation to vest in the first taker. The language of the deed clearly indicates the nature of the estate intended to be given to the heirs of Joseph Kretzer. He is given an estate for life with remainder in fee to his heirs as a class, without reference to individuals or any other condition. The estate thus given to the heirs by the operation of the rule vests in the life tenant.

The requisites of the rule are stated to be, first, a freehold estate; second, a limitation of the remainder to the heir or heirs of the body of the person taking the freehold estate by the name of heirs as a class and without explanation, as meaning sons, children, etc.; third, the estates of freehold and in remainder must be created by the same instrument; fourth, the estates must be of the same quality,—that is, both legal or both equitable. (*Baker* v. *Scott, supra;*

*Ward* v. *Butler, supra.*)  All these requisites are present here, viz., a life estate to Joseph Kretzer and a remainder in fee simple to his heirs,—both legal estates created by one deed.

Two reasons suggest themselves which might be urged against the application of the rule: (1) The life estate is in one-half the property only, while the remainder is in the whole; (2) the life estate might be determined by the death of Mora Kretzer in the lifetime of Joseph, thus destroying the remainder by determining the particular estate before the happening of the contingency which would determine the persons who would succeed to the remainder. Neither of these reasons, however, is a valid objection to the application of the rule. It is not a requisite that the estate given to the ancestor and that to the heirs shall be of the same quantity. (*Ward* v. *Butler, supra.*) The rule has no effect upon the estate given to the ancestor. It affects only the remainder given to the heirs and causes such remainder to vest in the ancestor and not in the heirs. If there is a merger in the ancestor, it follows, not as a necessary result of the operation of the rule, but from the operation of another independent rule of law in regard to separate estates which in any manner become vested in one person. In regard to the destruction of the supposed contingent remainder to the heirs of Joseph Kretzer who can not be known in his lifetime, by the termination of the particular estate before his death, the rule that contingent remainders are destroyed which do not vest at or before the termination of the particular estate has no application. There is no contingency, because the remainder which is expressed to be to the heirs of Joseph Kretzer the law declares to be a remainder to Joseph Kretzer, the same as if it had been made expressly to him and his heirs.

Where there is a limitation to several for their lives with a remainder in fee to the heirs of one of them, the estate in remainder vests at once in the ancestor to whose

heirs it purports to be given. (*Fuller* v. *Chamier*, L. R. 2 Eq. 682; *Bullard* v. *Goffe*, 20 Pick. 252.) The limitation to the heirs must be to the heirs of a person taking a particular estate of freehold, but if it is confined to such heirs then it is immaterial whether there be several ancestors taking the particular estate or only one; nor whether their estates be several, provided they all take, or joint; nor whether the remainder be to the heirs of all or only of some or one of such ancestors; nor whether the estate to the ancestor be such as may possibly determine in the lifetime of such ancestor or not. (Watkins on Descent, 162-164; Fearne on Contingent Remainders, (4th ed.) 23-30; 1 Preston on Estates, 313-320; *Rogers* v. *Down*, 9 Mod. 292; *Merrill* v. *Rumsey*, 1 Keb. 688.) Fearne states the rule as follows (p. 25): "Whensoever the ancestor takes any estate of freehold, whether for his own life or the life of another, or whether it be of such a nature that it may determine in his lifetime or not, and there is afterwards, in the same conveyance, a limitation to his right heirs or heirs in tail, (either immediately, without the intervention of any mean estate of freehold between his freehold and the subsequent limitation to his heirs, or mediately, that is, with the interposition of some such mean estate,) there such subsequent limitation to the heirs or heirs in tail vests immediately in the ancestor and does not remain in contingency or abeyance, with this distinction: that where such subsequent limitation is immediate it then executes in the ancestor and becomes united to his particular freehold, forming therewith one estate of inheritance in possession; but where such limitation is mediate it is then a remainder vested in the ancestor who takes the freehold, not to be executed in possession till the determination of the preceding mean estates."

The deed of Jonas Nye conveyed to Joseph Kretzer and Mora Kretzer an estate, as tenants in common, during their joint lives with a remainder in fee to Joseph Kretzer. The

*C-*

conveyance of Mora Kretzer to Joseph Kretzer vested the latter with the whole title.

The court erred in sustaining the demurrer to the bill, and the decree will be reversed and the cause remanded to the circuit court, with directions to overrule the demurrer.

*Reversed and remanded, with directions.*