[No. 23611. Department One. August 11, 1932.]

LEWIS FOWLER et al., Appellants, v. WILLARD H. WYMAN et al., Respondents.[1]

*LaBerge, Cheney & Hutcheson,* for appellants.

*McAulay & Freece,* for respondents.

MITCHELL, J.—A. J. Lewis and wife, on January 7, 1901, executed and delivered to their daughter, Mrs. Laura J. Fowler, a deed by which they conveyed to her twenty acres of land in Yakima county. The deed was duly recorded that day in the county auditor's office. On April 5, 1907, she and her husband executed and delivered to Willard H. Wyman a deed by which they conveyed to him the twenty-acre tract. The deed was recorded in November of that year. Mrs. Laura J. Fowler died February 26, 1928, leaving surviving her three children, viz: Lewis Fowler, Beulah Parsons, nee Fowler, and Henry Fowler.

[1] Reported in 13 P. (2d) 501.

This action was brought in November, 1930, by the surviving children of Mrs. Fowler against Willard H. Wyman and his wife to quiet title to the twenty-acre tract, the plaintiffs claiming as remaindermen under the deed of January 7, 1901, to their mother named as grantee in the deed from A. J. Lewis and wife. Judgment was entered for the defendants. Plaintiffs have appealed.

Several defenses were interposed to the action, only one of which need be considered and discussed. That one is whether the rule in *Shelley's* case is in force in this state, and whether it is applicable to the conveyance from Mr. and Mrs. Lewis to Mrs. Fowler.

Rem. Comp. Stat., § 143, is as follows:

"The common law, so far as it is not inconsistent with the constitution and laws of the United States, or of the state of Washington, nor incompatible with the institutions and condition of society in this state, shall be the rule of decision in all the courts of this state."

It is not denied on behalf of appellants that the rule in *Shelley's* case is a part of the common law, but it is contended that it is incompatible with the institutions and condition of society in this state. In what respect it is incompatible, is not shown. Authorities are abundant to the effect that the power of alienation of property and that of vested estates, both of which are fostered by the rule in *Shelley's* case, were and are favored doctrines of the common law, which doctrines, in our opinion, are not only not inconsistent with, but in keeping with, the general welfare as tending to facilitate the sale and circulation of property among a free and commercial people.

Counsel for appellants say that our recognition in *Shufeldt v. Shufeldt,* 130 Wash. 253, 227 Pac. 6, of the rule in question was "pure obiter dictum." No need of any controversy about that. They admit that the

question of the validity of the rule is in this case, and we take occasion to say now that the rule is a rule of decision in this state because of the common law and the provisions of Rem. Comp. Stat., § 143.

The deed from A. J. Lewis and wife to Laura J. Fowler, so far as applicable to the question now being considered, is as follows:

" . . . do hereby grant, bargain, sell, convey and confirm unto the said Laura J. Fowler, the following described lands and premises lying, being and situated in the County of Yakima, and State of Washington, to-wit:

"[then description of property]. The consideration above mentioned in this conveyance is to be credited to Laura J. Fowler on her interest in the A. J. Lewis Estate, this to be in part payment of her estate. The above described property to be the individual and separate property of Laura J. Fowler, said property to be vested in her during her life time, and at her death to be the property of the heirs of her body. Said property not transferable during her lifetime.

"Together with all and singular, the rights, privileges, improvements, tenements, hereditaments and appurtenances thereunto belonging, or in any incident or appertaining.

"To HAVE AND TO HOLD unto the said Laura J. Fowler, her heirs and assigns, forever; and the title to the foregoing described premises, and every part thereof we bind ourselves and our heirs and legal representatives to forever warrant and defend unto the said Laura J. Fowler, and to her heirs, assigns and legal representatives against the lawful claims of all persons claiming, or to claim, the same or any part thereof."

In *Shufeldt v. Shufeldt*, 130 Wash. 253, 227 Pac. 6, in speaking of the requisites of the rule in *Shelley's* case, we quoted with approval from *Bails v. Davis*, 241 Ill. 536, 89 N. E. 706, 29 L. R. A. (N. S.) 937, as follows:

"The requisites of the rule are stated to be, first, a freehold estate; second, a limitation of the remainder to the heir or heirs of the body of the person taking the freehold estate by the name of heirs as a class, and without explanation, as meaning sons, children, etc.; third, the estates of freehold and in remainder must be created by the same instrument; fourth, the estates must be of the same quality,—that is, both legal or both equitable."

All these requisites are present in the conveyance under consideration in this case.

The statement in the deed in this case which reads "said property not transferable during her life time" is nothing more nor less than an attempt to restrain alienation of the property, and under well-settled authority that clause will be treated as nugatory. 8 R. C. L. 1113, § 174; 18 C. J. 337, § 336.

Judgment affirmed.

TOLMAN, C. J., PARKER, STEINERT, and HERMAN, JJ., concur.