[No. 32749.   Department Two.   May 20, 1954.]

KATIE RICHARDSON *et al., Appellants,* v. ROBERT DANSON *et al., Respondents.*[1]

Reported in 270 P. (2d) 802.

*A. O. Colburn* and *Joseph A. Simpson,* for appellants.

*Joseph E. Hurley,* for respondents.

SCHWELLENBACH, J.—This action was brought by the sister and other heirs at law (who were not named in the will) of Henry Wiltzius under the declaratory judgment statute, seeking a declaration of the provisions of his will and a construction thereof. The language in each specific devise of real property was as follows:

"THIRD: I hereby give, devise and bequeath, unto my nephew, Clarence Wiltzius, of Lamont, Washington, the following described land located in Lincoln County, Washington, to wit:

"That part of the S½ of the N½ of Sec. 6 lying south of the County Road (approximately 19 acres); The S½ of Sec. 6 and the E½ of Sec. 7 in Twp. 21, N, Range 39 E.W.M., Lincoln County, Washington;
Subject, however, to the following terms and conditions:

"That my said nephew shall have the use and occupancy and right to farm such land and the income therefrom during the period of twenty years from the date of my death; Provided, however, that he pay all taxes and assessments levied thereon during such twenty-year period, and provided that such land shall not be sold or encumbered by mortgage or any other manner during such period of twenty years."

The fifth clause gave, devised and bequeathed unto Russell A. Brown "all of the rest, residue and remainder of my estate that I own at the time of my death, whether real,

personal or mixed" subject to the same conditions as were included in the other devises. However, there was nothing in the will providing for the disposition of any of the property in the event that any of the conditions were not carried out.

The complaint alleged that a controversy had arisen between the plaintiffs and the defendants as to their legal rights; that plaintiffs contended that the will contained conditions precedent, which were void because each condition restricted the alienation of real property, contrary to law, and that the conditions were such an integral part of each of the devises that the entire devise was void.

The trial court sustained a demurrer to the complaint and plaintiffs refused to plead further. Judgment of dismissal was entered and this appeal follows.

Appellants' first assignment of error is that the court erred in sustaining the demurrer to the amended complaint. The general rule on this question is stated in 1 Anderson, Declaratory Judgments (2d ed.) 740, § 318:

"When an action is filed for a declaratory judgment and the plaintiffs set forth facts of an actual controversy concerning some matter covered by the declaratory judgment statute, it may be stated generally that it is the duty of the trial court to overrule a demurrer to the plaintiff's pleading and proceed with the case in accordance with the provisions of the statute."

On page 741 of the same text, the author states:

"A demurrer in proper case may be interposed to the plaintiff's pleading in a declaratory judgment action, as, for example, where the plaintiff's pleading shows that there is no justiciable controversy existing between the parties."

The exact question herein involved is a matter of first impression in this state. We quote the following statements of courts from other jurisdictions:

*City of Cherryvale v. Wilson*, 153 Kan. 505, 112 P. (2d) 111:

"It is rare that a demurrer is an appropriate pleading for the defendant to file to a petition for a declaratory judgment."

*Cabell v. City of Cottage Grove,* 170 Ore. 256, 130 P. (2d) 1013, 144 A. L. R. 286:

"The test of sufficiency of such a complaint is not whether it shows that the plaintiff is entitled to a declaration of rights in accordance with his theory, but whether he is entitled to a declaration of rights at all. Even though the plaintiff is on the wrong side of the controversy, if he states the existence of a controversy which should be settled by the court under the Declaratory Judgment Law, he has stated a cause of suit."

*Maguire v. Hibernia Sav. & Loan Society,* 23 Cal. (2d) 719, 146 P. (2d) 673, 151 A. L. R. 1062:

"A complaint for declaratory relief is legally sufficient if it sets forth facts showing the existence of an actual controversy relating to the legal rights and duties of the respective parties under a written instrument and requests that these rights and duties be adjudged by the court."

▇ The object of the declaratory judgment act is to obtain a declaration from the court concerning a justiciable controversy between the parties.

RCW 7.24.020 provides:

"A person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder."

▇ The complaint herein prayed for a judgment declaring the rights of the parties under the will and for a determination of the validity of the provisions therein with respect to the real estate. It is clear that there is a dispute between the parties as to the meaning and effect of the terms of the will. It was not proper to dispose of the controversy by sustaining the demurrer. In *Cabell v. Cottage Grove, supra,* the court said:

"In the present case the trial judge, in passing on the demurrers, rendered an opinion in writing which sustained the position of the defendants, and entered a decree dismissing

the suit. Since the complaint stated a justiciable controversy, the demurrers should have been overruled, and, after the filing of an answer which presumably would have admitted the existence of the controversy alleged, a decree containing a declaration of rights should have been entered. Consequently, it will be necessary to reverse the decree; but, to obviate another appeal, we deem it proper to state our views upon the merits."

After discussing the merits the court concluded:

"As hereinabove indicated, the opinion of the circuit judge filed in the case is in harmony with the foregoing views; but, for the error in sustaining the demurrers and dismissing the suit, it will be necessary to reverse the decree and remand the cause for further proceedings. It is so ordered."

We are going to go one step further than the Oregon court did. We are not only going to discuss the merits; we are going to direct a judgment on the merits. We have everything before us which will be necessary to declare the rights of the parties. We find no ambiguity in the will which would necessitate oral testimony to be given in order to assist us in interpreting it.

Were the conditions annexed to the devises precedent? In the case of *In re Quick's Estate*, 33 Wn. (2d) 568, 206 P. (2d) 489, we quoted from Page on Wills:

"Conditions as to their effect upon the estate to which they are annexed are of two kinds, precedent and subsequent.

"A condition precedent is an event the happening or not happening of which causes an estate to vest or to be enlarged. A condition subsequent is an event the happening or not happening of which determines an estate already vested." 3 Page on Wills 744, Conditions, § 1278.

"Whether a condition is precedent or subsequent depends upon the intention of testator as expressed in the will when read in the light of the surrounding circumstances. It is often difficult to distinguish between the two. The use of the term 'condition precedent' is not conclusive; and words which, with one context, create a condition precedent, may create a condition subsequent with a different context.

"It has been said that a condition which would ordinarily

be considered precedent may be construed as a condition subsequent where the gift is to a charity.

"As between precedent and subsequent conditions, subsequent conditions are preferred in construction, but if the language of the will shows that testator intended to create an estate upon condition precedent, effect will be given thereto.

"If the performance of the condition may, by the terms of the will, happen when the estate vests, or after it vests, or if the will provides for performance after the property passes, or for performance by means of the property, such as payments out of the fund which is given, or if the gift is to fail or to be divested on breach of condition, or if the gift is to be operative so long as the beneficiary observes a certain condition, the condition is prima facie subsequent. If performance, by the terms of the will, is to extend over a period of time, or if the time for performance is indefinite the condition is treated as subsequent. A gift to A, to become a fee if A is capable of prudent control thereof at the end of twenty years, and, if not, to be a life estate, is upon condition subsequent.

"If the language of the will shows that a condition was intended, the absence of a gift over on failure of the condition tends to indicate that the condition is subsequent rather than precedent." 3 Page on Wills 750, Conditions, § 1281.

We then said:

"Whether an estate is to vest immediately, or subsequently, depends upon the testator's intention, as found from an examination of the will. Certain rules have been laid down to assist the courts in determining that intention:

"(1) If necessary in arriving at the intention of the testator, aid may be sought from the testator's situation, his relationship to the parties named in the testament, his disposition as evidenced by provisions to be made for them, and the general trend of his benevolences as disclosed by the testament.

"(2) It is a well-settled and just rule that the law favors the early vesting of estates.

"(3) The remainder shall not be considered as contingent in any case where, consistently with the intention of the testator, it may be considered vested.

"(4) The law favors that construction which holds a remainder vests rather than that which considers it contingent, even in cases where the question is doubtful. *Shufeldt v. Shufeldt*, 130 Wash. 253, 227 Pac. 6."

■ A condition precedent contained in connection with a devise of property in a will is a condition which the testator requires the devisee to perform before the devised property shall vest in him.

Appellants rely upon the cases of *Maguire v. City of Macomb,* 293 Ill. 441, 127 N. E. 682; and *In re Thompson,* 304 Pa. 349, 155 Atl. 925, 76 A. L. R. 1339, both of which were discussed quite fully in the *Quick* case. In each of those cases it was clear that the testator required certain things to be done by the devisees before taking title to the property.

■ In the case at bar no conditions were required to be performed by the devisees—nothing was required to be done by them—before they could take title. There was no provision for reversion in the event of their failure to perform. Also, the fact that the lands devised by Henry Wiltzius must vest before the devisees could perform or fail to perform makes it obvious that the conditions are not precedent. We are of the opinion that the conditions expressed in the will are not precedent and that the property vested in the devisees immediately upon the death of the testator. Appellants, therefore, have no present right or interest in the property.

■ Having concluded that the title to the property has vested in the devisees, we are confronted with the problem of the conditions to be performed by them under the provisions of the testator's will. The general rule is that one of the incidents of ownership of real property is the right to encumber or convey it, and the law will not permit the rights of ownership to be fettered by the imposition of restraints by testators who seek to dispose of their property by will, and at the same time to unduly limit its alienation of use. Furthermore, the law seeks to encourage the ready alienation of property and to discourage restraints upon alienation which would result in withdrawing such property from the ordinary channels of trade. For these reasons, conditions operating as restraints on alienation are held to be void, as contrary to public policy. 41 Am. Jur. 108, Perpetuities and Restraints on Alienation, § 66. There are

two reasons for declaring restraints on alienation invalid: (1) because they are inconsistent with and repugnant to the nature of a fee simple estate; and (2) because they are contrary to public policy.

■ Some courts hold that a restraint of alienation or use is valid if limited as to time, provided the time limited is reasonable. The majority view, however, is to the effect that a restraint on alienation is void as being repugnant to the nature of an estate in fee. We are inclined toward the majority view. If an estate in fee simple is devised, the devisee takes the entire fee and the devisor loses all control over the estate devised.

The great weight of authority is that where the fee simple title to real estate passes under a deed or will, any restraint attempted to be imposed by the instrument upon the grantee or devisee is to be treated as void, and the grantee or devisee takes the property free of the void condition. *Kentland Coal & Coke Co. v. Keen,* 168 Ky. 836, 183 S. W. 247. 1 Jones, The Law of Real Property in Conveyancing, 552, § 662, says:

"After an absolute conveyance in fee simple, a clause providing that the grantee shall not mortgage or dispose of the property is repugnant and void; or that he shall not offer to mortgage or suffer a fine or recovery. So is a clause prohibiting the grantee from conveying without the consent of the grantor."

In an annotation in 123 A. L. R. 1474, it is stated:

"Since enactment of the ancient Statute of Quia Emptores, general restraints on the alienation of estates in fee have been held void, not only because the courts have declared them repugnant to the nature of estates in fee as existing subsequently to such statute, but because the policy of the law has favored the free alienation of land."

In *Fowler v. Wyman,* 169 Wash. 307, 13 P. (2d) 501, we said:

"The statement in the deed in this case which reads 'said property not transferable during her life time' is nothing more nor less than an attempt to restrain alienation of the property, and under well-settled authority that clause will be treated as nugatory. 8 R. C. L. 1113, § 174; 18 C. J. 337, § 336."

See, also, Annotation, 163 A. L. R. 1174:

"It appears to be established that a stipulation in a will or deed restricting the devisee's or grantee's right to sell or dispose of the property is ineffective in the absence of a limitation over or a provision for reversion, or the like."

█ We are satisfied, from an examination of the will, that the testator's primary object was to "give, devise and bequeath" his property to the three named devisees. Having done this, he then attempted to "saddle" such devises with illegal restraints against alienation. Such conditions added to the devises are a nullity and void, and the devisees under the will take the property free and clear of the void conditions.

The judgment of dismissal is reversed and remanded with direction to enter judgment in accordance with the views expressed herein. Neither party shall recover costs on appeal.

GRADY, C. J., HILL, DONWORTH, and WEAVER, JJ., concur.

June 17, 1954. Petition for rehearing denied.