[No. 43993.　En Banc.　August 19, 1976.]

BELLINGHAM FIRST FEDERAL SAVINGS & LOAN ASSOCIATION, *Respondent*, v. GEORGE A. GARRISON, ET AL, *Appellants*.

*Robert Lee Ager*, for appellants.

*John S. Ludwigson* (of *McCush, Kingsbury, O'Connor, Ludwigson, Thompson & Hayes*), for respondent.

HAMILTON, J.—Appellants, George and Edith Garrison, appeal a superior court decision declaring a due-on-sale provision in a real estate contract a lawful restraint on alienation.

In September 1971, appellant, George Garrison, built a modern 16-unit apartment complex in Bellingham, Washington. Appellants executed two promissory notes totaling $185,000 with Bellingham First Federal Savings and Loan Association, the respondent. Appellants secured these notes by executing with respondent two mortgages on appellants' apartments. The respective mortgage agreements contained the following due-on-sale clause:

> The mortgagors further agree that they will not make any voluntary inter vivos transfer of the premises or any part thereof without first obtaining the written consent of the mortgagee. Any such transfer, if the mortgagee shall not so consent, shall constitute a default under the terms of this instrument . . . If the mortgagee shall so consent, it shall consent also to substitution of mortgagor's transferee as obligor under this mortgage and the aforesaid note.

Appellants entered a real estate contract to sell the apartments to defendants, Mr. and Mrs. John Rietman, as of March 16, 1973. Respondent did not consent to the transfer and informed appellants they were in violation of their mortgage agreements. Appellants continued with the transaction. Relying solely on the above due-on-sale clause, respondent sued to foreclose the mortgages. The trial court enforced the due-on-sale clause and entered a judgment in respondent's favor. Appellants appeal from this judgment. We affirm.

■ As a preliminary matter, we consider the due-on-sale clause unambiguous and applicable to the transaction before us. The clause prohibits a voluntary inter vivos transfer of the property without respondent's consent. The real estate contract clearly transfers certain interests

in the property from appellants to defendants. *See, e.g., Lawson v. Helmich,* 20 Wn.2d 167, 170-72, 146 P.2d 537, 151 A.L.R. 930 (1944); *State ex rel. Oatey Orchard Co. v. Superior Court,* 154 Wash. 10, 12-13, 280 P. 350 (1929); *Kateiva v. Snyder,* 143 Wash. 172, 175, 254 P. 857 (1927); *Desmond v. Shotwell,* 142 Wash. 187, 188-89, 252 P. 692 (1927). The California Supreme Court decision in *Tucker v. Lassen Sav. & Loan Ass'n,* 12 Cal. 3d 629, 637, 526 P.2d 1169, 116 Cal. Rptr. 633 (1974), supports our interpretation. The court construed a similar due-on-sale clause and stated:

> Although one holding property subject to a deed of trust who executes an installment land contract does not thereby "sell, convey, or alienate" the *property* within the meaning of those terms in the clause, it is clear that such a one thereby "sell[s], convey[s], or alienate[s]" *an interest* in the property—to wit, his equitable interest in the property. . . . Accordingly, the "due-on" clause is by its terms applicable to the transaction.

(Citations omitted.) Thus, the real estate contract executed by appellants and defendants is an "inter vivos transfer" within the meaning of the clause.

▮ Appellants principally challenge the validity of the due-on-sale clause. They claim it is an unreasonable restraint on alienation. Generally, unreasonable restraints on the alienation of real property are invalid. *See Richardson v. Danson,* 44 Wn.2d 760, 766, 270 P.2d 802 (1954); *Malouff v. Midland Fed. Sav. & Loan Ass'n,* 181 Colo. 294, 299-300, 509 P.2d 1240 (1973). Reasonable restraints on alienation are valid if justified by the legitimate interests of the parties. *See Malouff v. Midland Fed. Sav. & Loan Ass'n, supra.*

In *Miller v. Pacific First Fed. Sav. & Loan Ass'n,* 86 Wn.2d 401, 405, 545 P.2d 546 (1976), we interpreted a due-on-sale provision and held

> that a loan agreement provision that permits the lender to increase the interest rate upon transfer of the mortgaged property, even without a showing of increased risk to the lender, is not invalid per se as an unreasonable restraint on the free alienation of property.

Our *Miller* decision concerned only a portion of the due-

on-sale clause which permitted the lender to increase the mortgage interest on the loan when the mortgaged property was transferred. *Miller v. Pacific First Fed. Sav. & Loan Ass'n, supra* at 403-04. The clause in this case does not give respondent the right to increase the interest rate upon transfer of the property. It is an acceleration clause. That is, upon transfer of the mortgaged property, the monthly payments are accelerated and the entire loan is due.

In the past few years, a number of jurisdictions have interpreted such due-on-sale clauses in real property mortgages. Some courts have automatically enforced due-on-sale clauses as reasonable restraints on alienation. *See Malouff v. Midland Fed. Sav. & Loan Ass'n, supra* at 300-03; *Baker v. Loves Park Sav. & Loan Ass'n,* 61 Ill. 2d 119, 333 N.E.2d 1, 4-5 (1975); *Gunther v. White,* 489 S.W.2d 529, 530 (Tenn. 1973); *Mutual Fed. Sav. & Loan Ass'n v. American Medical Servs., Inc.,* 66 Wis. 2d 210, 215, 223 N.W.2d 921 (1974); *Mutual Fed. Sav. & Loan Ass'n v. Wisconsin Wire Works,* 58 Wis. 2d 99, 110, 205 N.W.2d 762 (1973). Other courts consider the clauses unreasonable restraints on alienation and contrary to public policy, unless the transfer of property increases the risk of the lender-mortgagee. *See Baltimore Life Ins. Co. v. Harn,* 15 Ariz. App. 78, 81, 486 P.2d 190 (1971); *Tucker v. Pulaski Fed. Sav. & Loan Ass'n,* 252 Ark. 849, 854-55, 481 S.W.2d 725 (1972); *Tucker v. Lassen Sav. & Loan Ass'n, supra* at 638; *Clark v. Lachenmeier,* 237 So. 2d 583, 584-85 (Fla. App. 1970); *Sanders v. Hicks,* 317 So. 2d 61, 63-64 (Miss. 1975); *United States v. Angel,* 362 F. Supp. 445, 447 (E.D. Pa. 1973). The court in *Tucker v. Lassen Sav. & Loan Ass'n, supra* at 639, explained when a transfer of the property increases the risk of the lender:

> Rather, in such a case the clause can be validly enforced only when the beneficiary-obligee can demonstrate a threat to one of his legitimate interests sufficient to justify the restraint on alienation inherent in its enforcement. Such legitimate interests include not only that of preserving the security from waste or depreciation but also that of guarding against what has been termed the "moral risks" of having to resort to the security upon

default. . . . Thus, for example, if the beneficiary can show that the party in possession under the installment land contract is, or is likely to be, conducting himself with respect to the property in a manner which will probably result in a significant wasting or other impairment of the security, he may properly insist upon enforcement of the "due-on" clause. Similarly, if the beneficiary can show that the prospects of default on the part of the vendor (requiring the inconvenience of resort to the security) are significantly enhanced in the particular situation, such circumstances might constitute a sufficient justification for enforcement of the clause despite its restraining effect. Other legitimate interests of the lender may have a similar effect.

(Citations and footnotes omitted.)

We find the reasoning of the California Supreme Court in *Tucker v. Lassen Sav. & Loan Ass'n, supra,* persuasive authority. We therefore hold the due-on-sale clause before us to be an unreasonable restraint on alienation unless the respondent can show that the enforcement of the clause is necessary to protect the lender's security.

We now must proceed to apply the above rule and determine whether the proposed transfer of the property increased respondent's risk or impaired its security. In March 1973, defendant, Mr. Rietman, notified respondent of his intention to purchase appellants' apartments and assume the mortgages. A bank officer told him the bank must approve his credit before allowing the transfer of property. Respondent investigated Mr. Rietman's financial status and determined he had an unfavorable credit rating. He had six outstanding mortgages and was delinquent on five of them. His financial statement indicated a net worth of only $51,079.93. Further, his attorney called and requested respondent to reduce the proposed monthly payments because his client could not afford these payments. Finally, Mr. Rietman had no prior experience in the management of apartments.

From these circumstances the trial court concluded that the proposed transfer represented a significant increase in risk for respondent, and that respondent acted reasonably

and in good faith in refusing to approve the transaction. We agree.

Even if a transfer of property increases the risk of a lender-mortgagee, a court of equity still possesses the power to relieve a mortgagor " 'from the effect of an operative acceleration clause in a mortgage where the condition making the option operative is the result of some *unconscionable* or *inequitable* conduct of the mortgagee . . .' " *Miller v. Pacific First Fed. Sav. & Loan Ass'n, supra* at 405, quoting from *Gunther v. White, supra* at 531. *See Jacobson v. McClanahan*, 43 Wn.2d 751, 755, 264 P.2d 253 (1953). Appellants claim one of respondent's employees made certain representations which indicated respondent would approve the transfer of property from appellants to defendants. Appellants maintain they relied on these statements, and respondent should be equitably estopped to enforce the clause.

Our opinion in *Peplinski v. Campbell*, 37 Wn.2d 857, 861, 226 P.2d 211 (1951), sets out the elements of equitable estoppel:

(1) An admission, statement, or act inconsistent with the claim afterwards asserted; (2) action by the other party on the faith of such admission, statement, or act; and (3) injury to such other party resulting from allowing the first party to contradict or repudiate such admission, statement, or act.

*Accord, In re Estate of Boston*, 80 Wn.2d 70, 76, 491 P.2d 1033 (1971).

 The record indicates appellants failed to establish the elements of equitable estoppel. The statements of respondent's employee are not inconsistent with its present position. *In re Estate of Boston, supra.* Defendants and appellants placed their real estate contract in escrow with Bellingham Mortgage and Escrow Company. Mrs. Regan, an employee of the escrow company, testified she called respondent's bank and talked to "somebody in the mortgage-collection department." She did not know if this person was a bank officer or a clerical employee. Mrs. Regan

and the employee did not specifically discuss the mortgage agreements, and she did not know whether the person even knew of the existence of the due-on-sale clause. The person did not approve the transfer, but merely provided Mrs. Regan with the mortgage loan numbers and the balance owed. Finally, respondent immediately notified appellants of its unwillingness to accept defendants as purchasers.

Under the facts and circumstances of this case, the enforcement of the due-on-sale clause constitutes a reasonable restraint on alienation. We therefore affirm the judgment of the trial court.

STAFFORD, C.J., and ROSELLINI, HUNTER, WRIGHT, UTTER, BRACHTENBACH, and HOROWITZ, JJ., concur.