[No. 3265–5–III.   Division Three.   January 29, 1980.]

GEORGE J. RISTE, *Respondent,* v. EASTERN WASHINGTON BIBLE CAMP, INC., *Appellant.*

*Henry E. Stiles II* and *Lukins & Annis,* for appellant.

*Richard C. Agman* and *Edward John Crowley,* for respondent.

ROE, J.—Eastern Washington Bible Camp, Inc., owns land on Silver Lake in Spokane County. Part of the land was subdivided and lots sold only to people who agreed to subscribe to the tenets of the Assembly of God Church. In 1968, George Riste's parents contracted with Eastern Washington Bible Camp to purchase two lots. In 1974, when the contract was paid in full, at the request of plaintiff's surviving parent, defendant issued the deed to plaintiff Riste. Both the sales contract and the deed contained restrictions on occupancy and resale. Riste later attempted to sell the property contrary to the restrictions. Defendant Bible Camp refused to remove the restrictions and Riste sued for a declaration that the restrictions were invalid and for reformation of the deed.

The trial court granted summary judgment for Riste, holding that as a matter of law the restrictions were void, and ordered the deed reformed.

These restrictions state in part:

6. No residents or occupants of these premises shall conduct themselves in such a manner as to be in conflict with the general practises and principles of the General and District Council of the Assemblies of God. No building activities or work shall be permitted on these premises on any Sunday of the entire year.

. . .

8. The property described herein shall not be resold to any person without written approval by the SELLER or its agent.

Eastern Washington Bible Camp claims that a restriction limiting the sale of land to members of a church is reasonable and may be enforced by the courts.

Restriction No. 8 contains a direct restraint on alienation of land. The rule in Washington is that a clause in a deed prohibiting the grantee from conveying land to another without the approval of the grantor, when the grantor transferred a fee simple estate to the grantee, is void as repugnant to the nature of an estate in fee. As stated in *Richardson v. Danson*, 44 Wn.2d 760, 767, 270 P.2d 802 (1954):

> The great weight of authority is that where the fee simple title to real estate passes under a deed or will, any restraint attempted to be imposed by the instrument upon the grantee or devisee is to be treated as void, and the grantee or devisee takes the property free of the void condition.

An exception allows reasonable restraints that are justified by legitimate interests, such as "due on sale" clauses in real estate mortgages. *Bellingham First Fed. Sav. & Loan Ass'n v. Garrison*, 87 Wn.2d 437, 553 P.2d 1090 (1976).

Defendant Bible Camp asserts as error the failure of the trial court to apply the doctrine of equitable estoppel. It argues that Riste acquired the property with knowledge of the restrictions on his and others' lots, and that the other purchasers in the subdivision bought their lots in reliance thereon.

The fact that Riste acquired the property with knowledge that there were restrictions and that the restrictions were common in the subdivision is irrelevant. This is a disabling restraint upon which there is a presumption of invalidity. It is upon public policy grounds that the restriction is invalidated. *Richardson v. Danson, supra.* The doctrine of equitable estoppel has no application in such a case.

■■ Restriction No. 6 in the deed is also invalid. RCW 49.60.224, law against discrimination, states:

(1) Every provision in a written instrument relating to real property *which purports to* forbid or *restrict the conveyance,* encumbrance, occupancy, or lease thereof *to individuals of a* specified race, *creed,* color, national origin, or with any sensory, mental, or physical handicap, . . . which directly or indirectly limits the use or occupancy of real property on the basis of race, *creed,* color, national origin, or the presence of any sensory, mental, or physical handicap is void.

(2) It is an unfair practice to . . . honor or attempt to honor such a provision in the chain of title.

(Italics ours.) Defendant Bible Camp places great emphasis on the fact that the deed restrictions were in the 1968 contract of sale between it and Riste's parents and therefore RCW 49.60.224, enacted in 1969, does not apply. There are two answers to this. First, under the rationale of *Shelley v. Kraemer,* 334 U.S. 1, 19–21, 92 L. Ed. 1161, 68 S. Ct. 836, 3 A.L.R.2d 441 (1948), which involved racial restrictions on land ownership, this court will deny access to those seeking enforcement of restrictive covenants which are void by statute. Second, the deed which Riste sought to have reformed was issued by Eastern Washington Bible Camp in 1974, 5 years after the passage of RCW 49.60.224. Clearly the statute applies.

Creed, as used in the statute and in its common dictionary meaning, refers to a system of religious beliefs. *See Augustine v. Anti–Defamation League of B'Nai B'Rith,* 75 Wis. 2d 207, 249 N.W.2d 547, 551 (1977). Restriction No. 6 in the deed concerns creed and is void under RCW 49.60.224.

■ Eastern Washington Bible Camp also assigns error to the trial court's granting of summary judgment in the first instance, claiming there are material questions of fact, namely, whether Riste had knowledge of the restrictions, whether he knew what the tenets of the Assembly of God Church were and whether Riste had knowledge of the representations made to his parents at the time of contracting.

A material fact is one on which the outcome of the litigation depends. *Morris v. McNicol,* 83 Wn.2d 491, 494, 519 P.2d 7 (1974). Answers to the questions which Eastern Washington Bible Camp asserts are material are not such facts as would affect the outcome of the litigation.

Although we understand the desire of Eastern Washington Bible Camp to have an enclave at a quiet lake where there is no drinking or gambling, Sunday working, etc., and where people can enjoy themselves in their vacations in the warm environment of their church, the outright grant of the fee in this deed is fatal to their hopes. That is the extent of our holding. Even if these covenants were enforced, eventually, transfers by inheritance, dissolution actions, or foreclosures of judgments, etc., would tend to destroy the integrity of the plan.

Nothing in this opinion is to be construed as limiting the right of religious organizations to operate and maintain their own bible camps or church property, access to which is limited to those of the same persuasion.

Summary judgment is affirmed.

GREEN, C.J., and MUNSON, J., concur.