**FILED**
**OCTOBER 22, 2024**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| WILLIS MARVIN LAMB, JR. | ) | |
| | ) | No. 39944-3-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DONNA L. CRIDER, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

COONEY, J. — In 2018, Willis Lamb filed a complaint for partition in kind related

to real property he held as tenants in common with his sister, Donna Crider. The siblings

inherited the properties in 1963 through the last will and testament of their grandfather,

Alexander Lamb. The will included a right of first refusal in the event either heir desired

to sell their interest in the properties.

A referee was appointed to aid the trial court in partitioning the land. The court

later confirmed the referee's partition. Ms. Crider appeals, arguing the trial court abused

its discretion when it unfairly and inequitably partitioned the land and invalidated the will's right of first refusal. We disagree with Ms. Crider's arguments and affirm.

BACKGROUND

In 1963, Alexander Lamb bequeathed three parcels of real property located in Whitman County, Washington, to his grandchildren, Mr. Lamb and Ms. Crider, as tenants in common. The will provided that if either heir desired to sell their interest in the land, it must first be offered to the other heir at or below the value of the land at the time the will was probated in 1963 (about $55.15 per acre). The will reads:

> In the event that my grandson, WILLIS MARVIN LAMB, JR., and my granddaughter, DONNA L. LAMB,[1] during the lifetime of both parties wish to sell their interest in the land that they shall first offer the land for sale to the other for a price not to exceed the value of said property as appraised in my estate.

Clerk's Papers (CP) at 128.

On November 26, 2018, after 55 years of joint ownership, Mr. Lamb petitioned to partition the parcels he held as a tenant in common with Ms. Crider. The parcels subject to partition were:

> Parcel A: The north half and the southwest quarter of Section 3, Township 17 North, Range 39 East, W.M.
>
> Parcel D: Southwest quarter of Section 4, Township 17 North, Range 39 East, W.M.

---

[1] Donna L. Lamb is now Donna Crider.

2

> Parcel G: The northeast quarter of Section 3, Township 17 North, Range 39 East, W.M., lying east of County Road No. 4180, Lamb Road as it existed October 2, 1992.

CP at 4. Parcel A consisted of 398 acres of farmland and 38 acres of wasteland; Parcel D consisted of 141 acres of farmland and 19 acres of wasteland; and Parcel G consisted of 70 acres of pastureland.

The parties agreed to the appointment of a single referee, Allen Hatley of Farmland Company. After completing his evaluation, Mr. Hatley presented the court with his recommendation for an equitable division of the land based upon the parties' ownership interest. In the report, Mr. Hatley recommended an owelty of $1,470 to Ms. Crider.

In July 2020, Mr. Lamb moved the court to confirm Mr. Hatley's report and findings. Ms. Crider objected and asserted the partition action required Mr. Lamb to offer her the land for $55.15 per acre as dictated by their grandfather's will. Over the next three years, the court addressed Ms. Crider's continued objections to confirming the referee's report. The referee amended the report to divide the land by an unimproved road, a survey was completed to establish the boundaries of the road, an additional survey was conducted related to an easement, and two easements were drafted to provide Ms. Crider access to a partitioned parcel. Mr. Hatley later revised the report to offer additional partition options. Ms. Crider again objected to confirming the referee's report and filed her own plan for partition.

On June 21, 2023, the court confirmed the referee's report.  Mr. Lamb was awarded Parcel G's 70 acres of pastureland, 286 acres of farmland from Parcel A, and 30 acres of wasteland from Parcel A.  Ms. Crider was awarded Parcel D's 141 acres of farmland and 19 acres of wasteland, 112 acres of farmland from Parcel A, and 8 acres of wasteland from Parcel A.[2]  The court order awarded owelty to Ms. Crider, ordered the parties to pay their respective costs for the partition report and surveying, and held the right of first refusal in Alexander Lamb's will constituted an unreasonable restraint on alienation.  Ms. Crider filed a motion for reconsideration that the trial court later denied.

Ms. Crider timely appeals.

ANALYSIS

On appeal, Ms. Crider contends the trial court based its decision on "'an erroneous view of the law,'" which resulted in an unfair and inequitable partition of the properties, and erred when it invalidated the will's right of first refusal provision.  Br. of Appellant at 8 (citing *Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 339, 858 P.2d 1054 (1993)).  We disagree with Ms. Crider and affirm.

---

[2] Prior to partition, the parties each held a 50 percent interest in Parcels A and D. Mr. Lamb held a two-thirds interest in Parcel A, and Ms. Crider held a one-third interest.

WHETHER THE TRIAL COURT ABUSED ITS DISCRETION

A trial court is afforded discretion to operate within a range of acceptable choices. *State v. Rohrich*, 149 Wn.2d 647, 654, 71 P.3d 638 (2003). We review a trial court's partition decision for abuse of discretion. *Friend v. Friend*, 92 Wn. App. 799, 803, 964 P.2d 1219 (1998). A trial court abuses its discretion when its decision: "(1) adopts a view that no reasonable person would take and is thus 'manifestly unreasonable,' (2) rests on facts unsupported in the record and is thus based on 'untenable grounds,' or (3) was reached by applying the wrong legal standard and is thus made 'for untenable reasons.'" *State v. Sisouvanh*, 175 Wn.2d 607, 623, 290 P.3d 942 (2012) (quoting *Rohrich*, 149 Wn.2d at 654). While we review conclusions of law de novo, findings of fact merely need to be supported by substantial evidence. *E.g.*, *Nordstrom Credit, Inc. v. Dep't of Revenue*, 120 Wn.2d 935, 942, 845 P.2d 1331 (1993).

When parties hold title to real property as tenants in common, one or more such persons may petition the court for the partition of the property. RCW 7.52.010. Partition is an equitable action. *Leinweber v. Leinweber*, 63 Wn.2d 54, 56, 385 P.2d 556 (1963). If more than one parcel of property is subject to a partition action, the court may treat the parcels as one estate for the purpose of making a division. *Von Herberg v. Von Herberg*, 6 Wn.2d 100, 123, 106 P.2d 737 (1940). The trial court possesses "great flexibility" in fashioning equitable relief for the parties. *Cummings v. Anderson*, 94 Wn.2d 135, 143, 614 P.2d 1283 (1980). "A presumption exists in favor of the trial court's findings of fact,

5

and the party claiming error has the burden of showing the findings are not supported by substantial evidence." *Carson v. Willstadter*, 65 Wn. App. 880, 883, 830 P.2d 676 (1992) (citing *Thor v. McDearmid*, 63 Wn. App. 193, 204, 817 P.2d 1380 (1991)).

Here, Ms. Crider contends the trial court based its decision "'on an erroneous view of the law.'" Br. of Appellant at 8 (citing *Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wn.2d at 339). However, Ms. Crider does not articulate what legal standard the trial court misapplied. Rather, she seems to contend the trial court abused its discretion by confirming the referee's report when it rested on facts not supported in the record. Notwithstanding this deficiency, we analyze both contentions.

In a partition action, the court may appoint a referee to aid the court with partition. *Carr v. Harden*, 34 Wn. App. 292, 298, 660 P.2d 1139 (1983); RCW 7.52.080. "In making the partition, the referees shall divide the property, and allot the several portions thereof to the respective parties, quality and quantity relatively considered." RCW 7.52.090. The court has the discretion to "confirm or set aside the [referee's] report in whole or in part." RCW 7.52.100. If the court confirms the referee's report, it shall enter a decree partitioning the property. *Id.* When a "partition cannot be made equal between the parties . . . the court may adjudge compensation to be made by one party to another on account of the inequality of partition." RCW 7.52.440.

Here, the trial court did not apply the wrong legal standard when it confirmed the referee's report. The court was presented with three options: confirm the referee's report,

set aside the report in whole or in part, or appoint new referees. RCW 7.52.100. Between November 26, 2018, when Mr. Lamb filed his complaint, and June 21, 2023, when the court confirmed the referee's report, the court continuously addressed Ms. Crider's objections. The referee supplemented his report on several occasions to address Ms. Crider's objections. After three years of litigation, the court was satisfied the referee's report equitably partitioned the land. In exercising its discretion to operate within a range of acceptable choices, the court opted to follow one of three statutorily sanctioned options and confirm the referee's report. The court did not abuse its discretion by basing its decision on "'an erroneous view of the law.'" Br. of Appellant at 8 (citing *Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wn.2d at 339).

To the extent Ms. Crider claims the trial court abused its discretion by confirming the referee's report that rested on facts not supported in the record, we disagree.

Ms. Crider cites numerous deficiencies with the court's partition: (1) she was awarded landlocked property; (2) Parcel A was unfairly divided; (3) the referee's report was confirmed absent an analysis of production by bushels per acre related to Parcel A and Parcel D; (4) she was not awarded any pastureland; (5) a lease on Parcel D was not taken into consideration; (6) the referee failed to analyze and value the water rights well and power easement of Parcel D; and (7) the court failed to enforce the will's right of first refusal provision. Br. of Appellant at 10-13.

7

As the appellant, Ms. Crider bears the burden of overcoming the presumption the trial court's findings of fact are not supported by substantial evidence. *Carson*, 65 Wn. App. at 883. In making a partition, RCW 7.52.090 merely requires the referee to "allot the several portions thereof to the respective parties, quality and quantity relatively considered." The statute does not require a referee to investigate or consider any specific criterion.

Here, the parties stipulated to the appointment of one referee. The referee: inspected the properties; considered soil maps and soil compositions; commissioned two surveys; reviewed title reports, Whitman County Assessor information, Farm Service Agency information and aerial photographs, and Conservation Reserve Program contracts. The referee categorized the land as tillable farmland, pastureland, and wasteland, with each being designated a value per acre.[3] After supplementing his report, the referee devised the partition such that each party would be allocated a near equal value of property while allowing access to the properties and minimizing division of the properties into small parcels.

In sum, the referee's decision not to conduct an analysis of production by bushels per acre related to Parcel A and Parcel D, to award Ms. Crider pastureland, or to analyze and value the water rights well and power easement of Parcel D is not violative of his

---

[3] Those uses and values were: tillable farmland at $1,050 per acre, pastureland at $250 per acre, and wasteland at $50 per acre.

duty to consider the quality and quantity of land. Indeed, consideration of the quality and quantity of land are the only statutory benchmarks. The court did not abuse its discretion by basing its decision on untenable grounds.

As to Ms. Crider's contention the court abused its discretion in granting her landlocked property, we disagree.

A landlocked parcel of real estate is any parcel that does not have legal access to any public roadway. *See, e.g.*, *Ruvalcaba v. Kwang Ho Baek*, 175 Wn.2d 1, 6-7, 282 P.3d 1083 (2012). Here, the referee contemplated access to the partitioned parcels, and the court ordered two easements so that the property may be accessed. Ms. Crider's property is not landlocked.

WHETHER THE TRIAL COURT ERRED WHEN IT INVALIDATED THE WILL'S RIGHT OF FIRST REFUSAL PROVISION

Ms. Crider argues the trial court erred when it invalidated the will's right of first refusal provision as an unreasonable restraint on alienation. We disagree.

A validation of the will's right of first refusal provision would result in an unreasonable restraint on alienation of the properties. "[A] restraint on alienation [is] an attempt by an otherwise effective conveyance to cause a later conveyance to terminate all or part of the property interest purportedly conveyed." *Alby v. Banc One Fin.*, 119 Wn. App. 513, 519, 82 P.3d 675 (2003) (citing RESTATEMENT OF PROP. § 404(1)(c) (1944) (Restatement (First)). "Unreasonable restraints on alienation are invalid." *Id*. at 523.

In *Tombari v. Blankenship-Dixon Co.*, we recognized that a preemptive right for a fixed price that was potentially perpetual in duration constituted an unreasonable restraint on alienation. 19 Wn. App. 145, 149-50, 574 P.2d 401 (1978). In *Richardson v. Danson*, our Supreme Court held that a devise of property saddled with a restraint on alienation was a nullity and void. 44 Wn.2d 760, 766, 270 P.2d 802 (1954). The court commented:

> [T]he law will not permit the rights of ownership to be fettered by the imposition of restraints by testators who seek to dispose of their property by will, and at the same time to unduly limit its alienation of use. Furthermore, the law seeks to encourage the ready alienation of property and to discourage restraints upon alienation which would result in withdrawing such property from the ordinary channels of trade.

*Id.* at 766.

Here, when the will was probated in 1963, some of the property was appraised at $55.15 per acre. Since the parties inherited the properties, the land has appreciated to $1,050 per acre for farmland, $250 per acre for pastureland, and $50 per acre for wasteland. The fixed sale price of $55.15 per acre on land now valued at $1,050 per acre substantially affects the alienability of the land because the nominal sale price would deter either party from relinquishing their interest.

The trial court did not err when it invalidated the will's right of first refusal provision as an unreasonable restraint on alienation.

Affirmed.

No. 39944-3-III
*Lamb v. Crider*

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Cooney, J.

WE CONCUR:

_____
Fearing, J.

_____
Lawrence-Berrey, C.J.

11