[No. 18872.   Department Two.   January 30, 1925.]

MARGARET S. WALKER, *Administratrix of the Estate of Mercia Dee Clarke, Deceased, Appellant,* v. METROPOLITAN LIFE INSURANCE COMPANY, *Respondent.*[1]

INSURANCE (83)—AVOIDANCE OF POLICY—MISREPRESENTATIONS—INTENT TO DECEIVE—EVIDENCE—SUFFICIENCY. Where, at the time of applying for life insurance, the insured had a discharging tumor of the breast and had been recently told by a physician that she had cancer, and advised to have an operation, her application for insurance denying that she was suffering from cancer or tumor of the breast in any form must conclusively be presumed to have been made with intent to deceive, and avoids the policy.

LIMITATION OF ACTIONS (15)—INSURANCE (162)—WRITTEN CONTRACT. An action on a life insurance policy is barred by the statute of limitations where a claim therefor had been made and the beneficiary given oral notice of the rejection of the claim more than six years prior to the commencement of the action.

[1]Reported in 232 Pac. 694.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered February 9, 1924, upon the verdict of a jury rendered in favor of the defendant by direction of the court, in an action on a life insurance policy. Affirmed.

*P. L. Pendleton,* for appellant.

*Preston, Thorgrimson & Turner,* for respondent.

FULLERTON, J.—This is an action brought by Margaret S. Walker, as administratrix of the estate of Mercia Dee Clarke, deceased, against the Metropolitan Life Insurance Company, to recover upon a life insurance policy issued by the company upon the life of one Hattie Jackson. At the conclusion of the evidence on the trial, the court instructed the jury to return a verdict in favor of the insurance company, and on the verdict returned, entered a judgment to the effect that the administratrix take nothing by her action. The administratrix appeals.

There is no substantial dispute as to the facts. On June 27, 1912, Mrs. Jackson was suffering, and for some months prior thereto had been suffering, from a discharging tumor upon one of her breasts. On that day she consulted her family physician concerning it. The physician diagnosed the trouble as cancer, and advised an immediate surgical operation, giving her the name of a surgeon whom he recommended as competent to perform the operation. After she had received this diagnosis of her condition, Mrs. Jackson applied to the respondent insurance company for a life insurance policy in the sum of $500. On June 29, 1912, she was examined by a physician at the instance of the insurance company, and at the examination made answers and signed a written statement to the effect that she was not suffering from cancer or tumor

of the breast in any form. The report of the physician was favorable, and the company, on July 6, 1912, issued to her a life policy in the sum named in her application.

In August, 1912, Mrs. Jackson was operated on for cancer and the breast removed by a surgeon other than · the one recommended by her family physician. The operation did not stay the disease, and Mrs. Jackson died therefrom on September 26, 1913.

At the time of Mrs. Jackson's death, the appellant's intestate, Mercia Dee Clarke, was the beneficiary of the policy, and on September 30, 1913, Miss Clarke made proofs of the death and forwarded the proofs to the company. These proofs showed that the insured died from cancer, and further showed the operation before mentioned in which the breast was removed shortly following the issuance of the policy. These statements caused the company to investigate the condition of the health of the insured at the time she applied for the policy, and, learning that she was then suffering from cancer, refused to pay the claim. Miss Clarke then turned her claim over to the Legal Aid Society of New York, and that society, through its attorney, investigated the merits of the claim. The conclusions of the society do not appear in the record, but it does appear that no action was taken against the company either by Miss Clarke or by anyone representing her during her lifetime.

Mercia Dee Clarke died on January 23, 1921, being then a resident of Pierce county, in this state. The appellant was appointed administratrix of her estate in April, 1921, and, finding the policy among the effects of her intestate, made demand for payment. With this demand the company refused to comply, and the present action was instituted in October, 1921.

The insurance company defended on two grounds,

first, that the insured, to induce the company to issue the policy, made false statements as to the then condition of her health; and, second, that the action was barred by the statute of limitations. Combatting these propositions, the appellant contends, in answer to the first, that the proofs do not show that the insured, in making the representation as to the condition of her health, had an intent to deceive. But we cannot accept the appellant's interpretation of the evidence. The insured had a discharging tumor of the breast at the time she made her application for insurance, which was of several months standing. She was informed by her family physician prior thereto that the tumor was a cancer. Yet her statements to the company were that she had no cancer or tumor of the breast of any sort. This latter was not a matter concerning which she could be deceived. Conceding that she did not know the nature of the tumor, and did not believe her physician when he pronounced it a cancer, and that her denial of the fact that she had a cancer was not intended to deceive, the same presumption cannot be indulged in with respect to the tumor itself. This existed in fact, and was something of which the insured could not be ignorant. She knew, moreover, that if she answered concerning it truthfully no insurance would be granted her. There was no excusatory fact of any sort given in evidence. We have only the fact and the false denial of the fact. Clearly, we think, there was no question for the jury as to the intent. It must be conclusively presumed from the evidence. *Day v. St. Paul Fire & Marine Ins. Co.,* 111 Wash. 49, 189 Pac. 95.

The second of the objections also is, in our opinion, well founded. The claim was filed in the home office of the insurance company on November 3, 1913. There is no evidence that the company ever gave the bene-

ficiary formal written notice of the rejection of the claim, but it is in evidence that the agent of the company, through whom the beneficiary communicated, gave her oral notice that the claim was rejected as early as May 16, 1914. That the beneficiary was in no manner deceived is evidenced by the fact that she placed the claim for collection at about that time, with the legal aid society above named. There is no legal requirement, in the absence of statute or contract to that effect, that the notice of the rejection of a claim for insurance be given in writing. Any form of notice brought home to the beneficiary is sufficient. Here the record shows such notice, given more than six years prior to the death of the beneficiary. As our statute limits the time within which an action can be maintained on a policy of insurance to six years, the right to sue on the policy here in question was barred before the death of the beneficiary. Her administratrix cannot, therefore, maintain the action.

The judgment is affirmed.

HOLCOMB, MACKINTOSH, MAIN, and BRIDGES, JJ., concur.