[No. 20322. Department Two. April 1, 1927.]

KASIMIR KATEIVA, *Respondent*, v. JAMES ARNOLD
SNYDER *et al., Appellants.*[1]

[1] INJUNCTION (19, 41)—TRESPASS ON REAL PROPERTY—ACTION—
JURISDICTION. An action to enjoin the construction of a fence
on a supposed boundary line should be dismissed as not a
proper action to determine title, where it appears at the trial
that the boundary line is in dispute.

[2] VENDOR AND PURCHASER (31)—EXECUTORY CONTRACT—RIGHTS OF
PURCHASER. A purchaser in possession under an executory con-
tract for the purchase of real property has such an interest as
to be entitled to maintain an action to protect such possession.

Appeal from a judgment of the superior court for
Pierce county, Card, J., entered February 19, 1926,
upon findings in favor of the plaintiff, in an action to
enjoin the construction of a line fence, tried to the
court. Reversed.

*H. W. Lueders,* for appellants.
*Louis J. Muscek,* for respondent.

BRIDGES, J.—The complaint alleges that the plaintiff
is the owner of certain described real estate located in
Pierce county, and that the defendants occupy the ad-
joining land; that one day the plaintiff commenced to
build a fence on the west line of his property, and that
the defendants, by means of threats and force, com-
pelled him to desist, and that they tore up and de-
stroyed such portions as the plaintiff had already built.
His prayer was that the defendants be enjoined from
interfering with the construction of the fence.

The defendants generally denied the allegations of
the complaint and alleged that the plaintiff was a
married man, and that his wife was a necessary party

[1]Reported in 254 Pac. 857.

to the action; that the plaintiff was undertaking to build a fence on land the possession of which they were entitled to, and that they prohibited him from so doing or from coming upon their land for that purpose. They further plead that, some years before, when other parties were the owners of the two tracts of land, they, to wit, the former owners, had agreed upon a division line fence and had in accordance with such agreement constructed such fence and agreed that it was and should be the dividing line between the properties; that one Collins was the owner of the land upon which the plaintiff was trespassing, and that the defendants had a written contract from him for the purchase of it, and that they were in possession by virtue of such contract. The answer also alleged that, if the title to the land was to be tried and if the suit was for the purpose of determining the dividing line, Collins, the owner, was a necessary party.

The plaintiff's testimony tended to show that he had hired a civil engineer to establish the dividing line between his land and that occupied by the defendants, that such engineer had staked out the line, and that the plaintiff was undertaking to build a fence on that line. He also offered testimony showing the acts of the defendants in interfering with him, in that they tore up the portion of the fence he had built, scattered the materials, threatened plaintiff with bodily harm, etc. The defendants by their testimony admitted that they had told the plaintiff that he was on their land and asked him to go off and stay off, and told him not to build a fence at the place he was building it, for the reason that he was trespassing upon their lands and interfering with their right of possession. They also offered much testimony of an old line fence, which it was claimed had existed for a number of years and

that it was on the true dividing line. They offered to show that the previous owners of the two tracts had agreed upon the building of the old fence and that it should be considered the dividing line between the two tracts, but the court refused to allow them to make this proof.

The court found that the plaintiff was the owner and in possession of a certain particularly described legal subdivision, and that the defendants were in possession of the lands adjoining on the west. He further found that plaintiff undertook to build the fence which we have mentioned and was prohibited from so doing by the defendants, the findings being, to a large extent, in the language of the complaint. The court concluded that the plaintiff was entitled to recover fifty dollars as damages and an injunction forbidding the defendants from interfering with his rights on his land and the making of the fence which he had previously undertaken to build. Later the court entered judgment in accordance with the findings, and the defendants have appealed.

[1] Evidently the suit was brought on the theory that there was no dispute as to the boundary line. If the pleadings and testimony had shown that condition, then it is probable that it would have been proper to enter the judgment that the court made. But both the pleadings and the testimony show that there is a dispute over the true dividing line, the respondent claiming that the fence he was building was on that line, and the appellants contending that such fence was being put upon the land of which they were in lawful possession. In other words, the case develops to be not one as indicated in the complaint, that is, an interference with conceded rights of the respondent, but one concerning a disputed boundary line. When that situation devel-

oped, it seems to us the court should have dismissed the suit as being an improper one in which to try the title to land, and thus leave the plaintiff in position to bring another suit for the purpose of determining the true dividing line and making all persons interested parties to that action.

[2] The respondent defends the judgment on the ground that the appellants have only a conditional contract for the purchase of the land occupied by them, and therefore have no right to complain of any action of the respondent, citing our case of *Ashford v. Reese,* 132 Wash. 649, 233 Pac. 29, where we held that an executory contract for the sale of real estate creates no title, legal or equitable, in the vendee. But we did not hold that such a contract was a nullity. Unquestionably, as between the parties to this action, it is sufficient upon which appellants can base their right to possession of the land which they are purchasing, and sufficient to authorize them to forbid any person to interfere with that possession.

The court in this case did not undertake to determine where the true dividing line was and did not find or adjudge that the respondent was undertaking to build a fence upon the true dividing line. In other words, the very thing that is in dispute between these parties is not determined, and yet a judgment is given for the respondent.

The judgment is reversed, and the cause remanded with directions to dismiss.

MACKINTOSH, C. J., TOLMAN, ASKREN, and PARKER, JJ., concur.