[No. 31343. Department One. November 9, 1950.]

EDNA GRIFFITH, *Respondent and Cross-appellant*, v. ANNA WHITTIER, *Appellant.*[1]

*A. G. Laffin,* for appellant.

*Bannon, Soule & Krilich,* for respondent and cross-appellant.

HILL, J.—Mrs. Edna Griffith recovered a judgment awarding her possession of and quieting her title against any claim

[1]Reported in 223 P. (2d) 1062.

of Mrs. Anna Whittier to a piece of residential property in Tacoma. Mrs. Whittier, who was in actual possession of the property, appeals from that judgment. The trial court refused to grant Mrs. Griffith a judgment against Mrs. Whittier for the rental value of the property for the period during which Mrs. Whittier was in wrongful possession, and from that portion of the judgment Mrs. Griffith cross-appeals.

The principles of law involved are not greatly disputed and we are concerned primarily with questions of fact. It is undisputed that the property in question had been owned by Pierce county; that on July 3, 1944, the county entered into an executory contract to sell it to Edward Cole for two hundred dollars; that Edward Cole was in fact Edward C. Whittier; and that the purchaser's interest in the contract was assigned to Edward C. Whittier on September 15, 1945, and was thereafter, on October 10, 1946, gratuitously assigned by him to Edna Griffith, his daughter. Whittier was at that time seventy-eight or eighty years of age.

Whittier went into possession of the property immediately after the contract was executed, and lived there with the first Mrs. Whittier (the mother of Mrs. Griffith) until her death in October, 1944. Prior to the assignment to Mrs. Griffith, he moved the two-room house which was on the premises when he purchased the property, and built two additional rooms. On October 16, 1946, six days after the assignment to Mrs. Griffith, he married the present Mrs. Whittier, who has lived on the premises at all times since that date.

On complaint signed by Mrs. Griffith, Edward C. Whittier was committed to Western State Hospital at Steilacoom on September 22, 1948, and died there on October 3, 1948. Shortly after his death Mrs. Griffith demanded possession of the premises, and upon Mrs. Whittier's refusal to surrender possession, this action was commenced.

There is evidence to support the trial court's finding that the original payment of forty dollars on the contract and three of the first four installments of sixteen dollars each were paid by Edna Griffith and her husband (only four in-

stallments became due prior to October 19, 1948, when Mrs. Griffith demanded possession of the property), and also to support its finding that the assignment was executed without any fraud, undue influence, or overreaching on the part of Mrs. Griffith. There is no evidence to support the allegation of fraud and undue influence contained in the allegations of Mrs. Whittier's affirmative defense.

Mrs. Whittier's counsel, in argument in the superior court and in this court, stated that she was not asking to have the assignment of the contract to Mrs. Griffith set aside, but was asking the court to grant her (Anna Whittier) the right to use the property for the remainder of her life. An agreement to that effect between Edward C. Whittier and Mrs. Griffith was alleged, but no evidence to establish such an agreement or any trust relationship was offered. Mrs. Whittier urges that Mrs. Griffith's complaint states no cause of action. She relies on *Ashford v. Reese*, 132 Wash. 649, 233 Pac. 29, as establishing that Mrs. Griffith, as assignee of the contract purchaser, had no title, legal or equitable, in the real estate which is the subject of this litigation.

Whatever we may have meant by our unfortunate choice of language in *Ashford v. Reese, supra,* it is now abundantly clear that the purchaser under an executory contract has a valid and subsisting interest in property that is the subject matter of such a contract. As was said in *Vandin v. Henry McCleary Tbr. Co.*, 157 Wash. 635, 289 Pac. 1016, the purchasers under such contracts

". . . have substantial rights, among which are the right of possession and the right to acquire title in accordance with the terms of the contract."

See, also, *Lawson v. Helmich*, 20 Wn. (2d) 167, 146 P. (2d) 537, 151 A. L. R. 930; *Turpen v. Johnson*, 26 Wn. (2d) 716, 175 P. (2d) 495; *Eckley v. Bonded Adjustment Co.*, 30 Wn. (2d) 96, 190 P. (2d) 718, 1 A. L. R. (2d) 717. In *Kateiva v. Snyder*, 143 Wash. 172, 254 Pac. 857, we said:

"The respondent defends the judgment on the ground that the appellants have only a conditional contract for the purchase of the land occupied by them, and therefore have no

right to complain of any action of the respondent, citing our case of *Ashford v. Reese*, 132 Wash. 649, 233 Pac. 29, where we held that an executory contract for the sale of real estate creates no title, legal or equitable, in the vendee. But we did not hold that such a contract was a nullity. Unquestionably, as between the parties to this action, it is sufficient upon which appellants can base their right to possession of the land which they are purchasing, and sufficient to authorize them to forbid any person to interfere with that possession."

■ Unquestionably the interest of Mrs. Griffith as contract purchaser includes the right of possession, and it is such a valid and subsisting right in the real property as will support an action to secure that possession and to quiet her title against any claim of right or interest on the part of Mrs. Whittier.

Mrs. Whittier makes eight assignments of error which go to the trial court's rulings on the admissibility of evidence. Our holding that the contract purchaser or his assignee has a right to maintain this action disposes of the three assignments of error relating to the admissibility of the contract, the assignments, and the receipts for contract installments and taxes. There is some doubt as to the propriety of some of the other rulings on the admissibility of evidence, as raised by assignments of error Nos. 3, 6, 7 and 8, but the errors, if any, cannot be regarded as prejudicial, for we can say with complete assurance that, had all the rulings questioned been made in accordance with the contentions of Mrs. Whittier, the facts would have remained that there was no evidence of any fraud or undue influence vitiating the assignment of the contract by Edward C. Whittier to Mrs. Griffith, and that there was no evidence of any agreement that Mrs. Whittier was to remain in possession of the property during her lifetime.

■ As a basis for a new trial, Mrs. Whittier urges newly discovered evidence consisting of a desk calendar book on two pages of which are certain notations alleged to be in Edward C. Whittier's handwriting, indicating that he gave certain warrants to "Edna." The materiality of this evidence, if admitted, would be to contradict Mrs. Griffith's

testimony that she had never received any of Mr. Whittier's earnings. That this is not a book of account or business record as contemplated by Rem. Supp. 1947, § 1263-1 *et seq.*, is apparent. Its admissibility, if offered in evidence, is extremely doubtful, for it is no more than a self-serving declaration. See *Goldsworthy v. Oliver*, 93 Wash. 67, 160 Pac. 4; *Hewitt v. Jones*, 149 Wash. 360, 271 Pac. 76. It is to be noted that it proves or disproves no essential proposition in the case and would be admissible, if at all, for purposes of impeachment. The trial court did not abuse its discretion in refusing to grant a new trial.

We come now to the cross-appeal. The trial court incorporated the following finding in its decree:

"That on October 19, 1948 the plaintiff [Mrs. Griffith] demanded possession of said real property from the defendant [Mrs. Whittier], which demand for possession was refused, and the defendant since October 19 1948 has at all times remained in possession of said real property. That a reasonable rental value for said real property is the sum of $30.00 per month."

It is urged that there is no competent evidence to establish the reasonable value of the premises as found by the trial court. Mrs. Whittier alleged in her answer that the property had a value of $2,100. Mrs. Griffith was the contract purchaser and entitled to the possession of the premises, and was sufficiently familiar with the property to be entitled to express her opinion as to its reasonable rental value. See *Lyle v. Ginnold*, 174 Wash. 104, 24 P. (2d) 449. The trial court having made a finding based on her testimony that the reasonable rental value of the property was thirty dollars a month, we can conceive of no reason (except a justifiable sympathy for Mrs. Whittier) for its refusal to enter a judgment for Mrs. Griffith for the reasonable rental value of the property during the period subsequent to October 19, 1948.

The judgment is affirmed on Anna Whittier's appeal and reversed on Edna Griffith's cross-appeal, with instructions that a judgment be entered in favor of Mrs. Griffith for the reasonable rental value of the premises, to wit, thirty dol-

lars a month from October 19, 1948, until Anna Whittier surrenders possession of the property. It will be necessary, also, for the trial court to fix a new date for the surrender of the premises, the date fixed in the judgment appealed from being long past.

SIMPSON, C. J., BEALS, GRADY, and DONWORTH, JJ., concur.