[No. 2820–3.  Division Three.  March 6, 1979.]

RICHARD H. SWIFT, ET AL, *Appellants,* v. AMERICAN
HOME ASSURANCE COMPANY, *Respondent.*

*Hemovich, Smith & Nappi* and *Dean C. Smith,* for appellants.

*Witherspoon, Kelley, Davenport & Toole, William D. Symmes,* and *Peter A. Witherspoon,* for respondent.

ROE, J.—Plaintiff Richard H. Smith appeals a summary judgment dismissing his suit against the errors and omissions carrier of his employer.

In 1969, while plaintiff was doing business as Swift Insurance Agency, the International Church of the Foursquare Gospel, Inc. (Church) requested the continued inclusion of the Church's parsonage under one of the three fire insurance policies then in force. In 1970, the fire insurance policy that covered the parsonage was replaced by plaintiff with another policy; however, it failed to include the parsonage. In 1971, plaintiff became an employee of Farmin, Rothrock & Parrott, Inc. (FRP). According to the terms of the employment agreement, plaintiff was responsible for accounts receivable and payable, cancellations, and premium returns on his accounts in existence on the date he commenced employment with FRP; however, any business generated from those accounts thereafter became the property of FRP. Plaintiff made no contact with the Church relative to insurance coverage after he became an employee of FRP. In 1972, a fire destroyed the parsonage. Since there was no insurance, the Church brought suit against plaintiff. Defense of the suit was tendered to the employer's (FRP) errors and omissions carrier, but it declined the defense. The Church recovered against plaintiff and plaintiff brought the instant suit seeking reimbursement from his employer's carrier.

Defendant issued to FRP an errors and omissions policy which provided in part:

IV: POLICY PERIOD, TERRITORY. This Policy applies to negligent acts, errors or omissions within the United States of America, its territories or possessions or Canada:

(A) During the Policy period:

(B) *Prior* to the Policy period if claim is made or suit is brought against the Insured during the Policy period and providing the Insured at the effective date of the Policy had no knowledge or could not have reasonably foreseen that such negligent acts, errors or omissions could be the basis of a claim or suit.

(Italics ours.) The policy defines "Insured" as:

The unqualified word "Insured" wherever used includes not only the named Insured but also any partner, executive officer, director, stockholder or *employee thereof while acting within the scope of his duties as such.*

(Italics ours.)

The trial court, on defendant's motion for summary judgment, concluded that plaintiff was not acting within the scope of his duty as an employee of FRP when he negligently failed to continue coverage on the Church's parsonage prior to employment. Thus, he was not an insured under the terms of the policy and defendant was not liable to plaintiff.

Plaintiff presents three issues: (1) whether his negligence is covered under clause IV(B); (2) whether he is covered under clause IV(A), because his negligence continued during his employment by FRP; and (3) whether FRP's interest in his accounts after he became an employee brought his act within either clause IV(A) or (B).

With regard to the first issue, the plaintiff contends that at the time the Church filed its suit, he was an employee of FRP acting within the scope of his duties and that was all that was necessary to confer coverage under the policy. We disagree. The policy specifically applies to negligent acts, errors or omissions either during the policy period or prior to the policy period if the claim is made or the suit is brought against the insured (actor) during the policy period. The term, "Insured," with regard to plaintiff, is qualified by the proviso that he, an employee, must be acting within the scope of his duties as such. We cannot ignore or read out of the limitation on the definition of insured that the employee must be acting within the scope of his duties as such employee to be covered by the employer's policy. It is unreasonable to contend that the status of plaintiff as an independent insurance agent at the time of his prior act is immaterial to coverage. He simply was not an employee of FRP when he failed prior to employment to insure the parsonage. *Cf. Cochrane v. American Sur. Co.,* 108 So. 2d 315 (Fla. Dist. Ct. App.

1959). Nor do we find an ambiguity in the definition of insured or in the scope of the coverage afforded that would permit us to employ the liberal construction rules of *Dairyland Ins. Co. v. Ward,* 83 Wn.2d 353, 517 P.2d 966 (1974), or *Witherspoon v. St. Paul Fire & Marine Ins. Co.,* 86 Wn.2d 641, 548 P.2d 302 (1976), so as to extend coverage to a third party beneficiary of the contract between FRP and plaintiff. The mere fact that the action was brought against plaintiff while he was an employee does not convert him to an insured.

With regard to the second issue, plaintiff mistakenly relies upon *Gruol Constr. Co. v. Insurance Co. of N. America,* 11 Wn. App. 632, 524 P.2d 427 (1974), to argue that his negligence was continuing in nature such that it occurred during the period of his employment by FRP. The theory of continuing negligence, although imaginative in its application to the present situation, is not supported by the authority cited. The damage in *Gruol* began with the negligent act and continued to increase in seriousness until discovered. Here, however, the damage did not occur until the parsonage burned and the Church recovered against the plaintiff. Additionally, plaintiff in his deposition admitted there was no contact between him and the Church relative to insurance after 1970. To view plaintiff's negligence which resulted in damage to the Church as a continuing act would be a legal machination contrary to the modern trend of tort law (*e.g., Gazija v. Nicholas Jerns Co.,* 86 Wn.2d 215, 220, 543 P.2d 338 (1975)), and wholly unsupported by the record.

Finally, whether plaintiff transferred all of his insurance accounts to FRP so that it became a potential beneficiary of future business generated is immaterial in light of the absence of contact between plaintiff as an employee of FRP and the Church at any time material to the lawsuit.

Judgment affirmed.

GREEN, C.J., and MUNSON, J., concur.