[No. 6612–1. Division One. May 14, 1979.]

YEAGER BUSH, *Appellant*, v. SAFECO INSURANCE COMPANY OF AMERICA, *Respondent*.

328

*Chambers, Marston, Hodgins, Shorett, Young & Gilling-ham* and *Halleck H. Hodgins,* for appellant.

*Robert I. Odom* and *Kenneth L. LeMaster,* for respondent.

FARRIS, J.—Yeager Bush appeals from a summary judgment dismissing his cause of action against Safeco Insurance Company of America on the ground that it was barred by the statute of limitation.

The facts are not disputed. Bush committed an assault and battery on his next–door neighbor on November 13, 1967. When the neighbor sued Bush, he claimed coverage under an insurance policy issued by Safeco, but Safeco denied coverage on the ground that it was an intentional tort. On May 2, 1969, judgment was entered against Bush in his individual capacity; however, on appeal, we held that the judgment should have been against the Bushes individually and against the marital community. Bush's petition for review was denied by the Supreme Court and a remittitur was issued on March 5, 1971. On September 21, 1976, Bush paid a compromise settlement of $23,000. On August 8, 1977, Bush filed a complaint for money damages against Safeco Insurance Company, alleging that it had breached the homeowner's policy by not reimbursing him for the losses he sustained by paying the judgment and in not defending the action. Bush appeals from the granting of Safeco's motion for summary judgment on the ground that his action was barred by the statute of limitation. We affirm.

Bush's cause of action under the homeowner's policy

is an action upon a written contract and, therefore, is subject to the 6-year statute of limitation found in RCW 4.16-.040(2). *See Walker v. Metropolitan Life Ins. Co.*, 132 Wash. 615, 232 P. 694 (1925). A cause of action generally accrues for purposes of the commencement of the statute of limitation when a party has a right to apply to court for relief. *Haslund v. Seattle*, 86 Wn.2d 607, 547 P.2d 1221 (1976); *Eckert v. Skagit Corp.*, 20 Wn. App. 849, 583 P.2d 1239 (1978). The issue here is whether the cause of action accrued for purposes of the statute of limitation on March 5, 1971, when the judgment against the Bushes became final *or* on September 21, 1976, when Bush paid a compromise settlement.

In resolving this issue, the trial judge stated:

It would seem to me that the purpose of litigation of this type is to establish some finality to the judicial process. This was accomplished here in March of 1971. If the rule were otherwise, . . . it would be solely within the power of the judgment debtor to extend the statute of limitations for almost any period of time that he and the judgment creditor could agree on such as a payment on a deferred basis. I don't believe that is the intent of the law or the spirit of trying to dispose of litigation between parties.

I therefore find that the finality or the beginning of the statute of limitations has to be the final judgment rendered against the marital community as a matter of law by the Court of Appeals, namely, March 5, 1971.

We agree with the trial judge. Most courts which have considered the issue of when the statute of limitation begins to run on an action against an insurance company for breach of its duty to defend have held that because the breach is a continuing one, the cause of action does not accrue until the third-party litigation involving the insured has ended in a final judgment. *Colpan Realty Corp. v. Great Am. Ins. Co.*, 83 Misc. 2d 730, 373 N.Y.S.2d 802 (1975); *Employers' Fire Ins. Co. v. Continental Ins. Co.*, 326 So. 2d 177 (Fla. 1976); *Moffat v. Metropolitan Cas. Ins. Co.*, 238 F. Supp.

165 (M. Pa. 1964); *Oil Base, Inc. v. Continental Cas. Co.,* 271 Cal. App. 2d 378, 76 Cal. Rptr. 594 (1969). *See Kielb v. Couch,* 149 N.J. Super. 522, 374 A.2d 79 (1977); *Continental Cas. Co. v. Florida Power & Light Co.,* 222 So. 2d 58 (Fla. Dist. Ct. App. 1969).

We recognize that an insurer's duty to defend may be separate from a duty to pay the judgment. *See Holland America Ins. Co. v. National Indem. Co.,* 75 Wn.2d 909, 454 P.2d 383 (1969); *First Ins. Co. of Hawaii, Ltd. v. Continental Cas. Co.,* 466 F.2d 807 (9th Cir. 1972); *Moffat v. Metropolitan Cas. Ins. Co., supra.* However, both duties arise out of a written insurance contract and a cause of action for breach of either duty accrues for purposes of the statute of limitation when the final judgment is entered. *See Employers' Fire Ins. Co. v. Continental Ins. Co., supra.* It is the judgment and not its satisfaction that is the basis for either cause of action.

Here, the remittitur issued on March 5, 1971, ended the litigation between Bush and his neighbor and was the date upon which any cause of action against Safeco for breach of the insurance contract accrued. Since the cause of action was commenced on August 7, 1977, more than 6 years from March 5, 1971, it was barred by the 6–year statute of limitation.

Affirmed.

SWANSON and RINGOLD, JJ., concur.

Reconsideration denied September 5, 1979.