[No. B026121. Second Dist., Div. Six. Dec. 22, 1987.]

LOUIS PADBERG, Plaintiff and Appellant, v.
TRAVELERS COMPANIES, Defendant and Respondent.

COUNSEL

Miller & Folse and David J. DePaolo for Plaintiff and Appellant.

Ruben & Crispi, David L. Crispi and Robert A. Schwartz for Defendant and Respondent.

## Opinion

**WILLARD, J.**\*—This appeal is from a summary judgment holding that an insurance policy does not provide the coverage which appellant claims. There was no contested issue of fact involved. We agree with the trial court's interpretation of the policy and affirm.

### Facts

Appellant is a licensed real estate broker. In August 1985 he became associated with Hauser Enterprises, Inc., as an agent working in the capacity of an independent contractor, and continued as such at all times relevant hereto.

In January and February 1986 appellant was first made aware of claims against him arising out of his activities as a realtor prior to his association with Hauser. He requested that respondent defend and indemnify him with respect to these claims, basing his request on an insurance policy issued to Hauser and in effect when the claims were made. Respondent's refusal gave rise to the case here on appeal.

### The Policy

The insurance policy provided defense and indemnity for professional errors and omissions of realtors. The provisions bearing upon the issue for decision are as follows:

### "Notice

"This Insurance Is Written on A Claims-made Basis and Only Applies to Claims First Made Against the Insured While This Insurance Is in Force. . . .

### "Insuring Agreements

"·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·

### "I. Coverage . . .

"The company will pay on behalf of the Insured damages for which claim is first made during the policy period. Such damages must arise out of an error, omission or negligent act in the rendering or failure to render professional services by or on behalf of the Insured: provided always that on the

---

\*Retired judge of the superior court sitting under assignment by the Chairperson of the Judicial Council.

first coverage date shown in the Declarations, no Insured knew or could have reasonably foreseen that such claim would be made.

"  .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .

### "III. PERSONS INSURED

"Each of the following is an Insured under this Policy to the extent set forth below:

"  .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"(c) if the Named Insured designated in the Declarations is other than an individual or partnership, the organization so designated and any executive officer, director or stockholder thereof, but only while acting within the scope of his duties as such;

"(d) any employee or agent of the Named Insured, including any independent contractor or statutory non-employee, but only while acting within the scope of his duties as such;

"(e) any person who would qualify as an Insured but for the termination of his relationship with the Named Insured, but only for an error, omission or negligent act in the rendering or failure to render professional services during the term of his relationship with the Named Insured . . . ."

### Issue

■  The sole issue on appeal is whether the policy affords coverage to appellant with respect to claims of professional errors and omissions occurring prior to his association with the named insured.

### Discussion

The parties agree that determination of the issue depends on the meaning of that part of section III, quoted above, which states: "Each of the following is an Insured under this Policy to the extent set forth below: . . . (d) any . . . agent of the Named Insured, including any independent contractor . . . but only while acting within the scope of his duties as such . . . ."

Appellant contends that this provision merely identifies the people who are insured and that the extent of the coverage provided is stated in section I of the insuring agreements. There the only qualifications for coverage of an insured are that the claim be for professional misfeasance and be first presented during the policy period. He argues that inasmuch as he was an

agent when the claims were presented, he is afforded coverage with respect to them.

This contention overlooks the introductory qualification to section III, which provides that the persons identified later are insured "to the extent set forth below." This indicates that the subsections specify not only identity but also the extent of the coverage. Subsection (d) provides that an agent is an insured, "but only while acting within the scope of his duties as such." Actions of an agent that took place prior to creation of the agency would not be within the scope of his duties as an agent.

If the concept that coverage applies only to acts done on behalf of the named insured were not the actual meaning of the policy provision, it would make little sense. The only other meaning that has been suggested or that occurs to us is that the agent is an insured as to claims based on acts occurring prior to the agency, but only if the claims are presented while the agent is acting within the scope of his duties. It makes little sense to say that the intention is to provide coverage only if such a claim is presented during working hours, but not if it is presented when the agent is off duty. There is no rational relationship between the time the claim in presented and the time the agent is engaged in the performance of his duties.

Other provisions of the policy indicate a general plan whereby the corporation, which obtains basic coverage for its own protection, secures equal protection for its officers, employees, agents, and others whose actions might result in the imposition upon it of vicarious liability. The policy extends coverage to partners of an insured partnership, but only to the extent of their liability as such. The same is true with respect to officers, directors and stockholders of insured corporations. They receive protection, but only while acting within the scope of their duties as such. Persons whose association with the named insured have terminated are also covered, but only for professional malfeasance during the term of the relationship.

A State of Washington decision presents very similar facts. (*Swift* v. *American Home Assur. Co.* (1979) 22 Wn.App. 777 [591 P.2d 1216].) An insurance broker was first employed by the named insured in 1971. In 1972 a claim was presented against him for having failed to obtain coverage for the parsonage of a church in a policy he procured prior to 1971. The employer's errors and omissions policy stated: "The unqualified word 'Insured' wherever used includes not only the named Insured but also any partner, executive officer, director, stockholder, *or employee thereof while acting within the scope of his duties as such.*" (*Swift* v. *American Home Assur. Co., supra,* 591 P.2d at p. 1217.) Summary judgment in favor of the insurance company was affirmed on the ground that the broker was not an insured under their policy. The court rejected the argument that the broker

need only be an employee of the named insured acting within the scope of his duties at the time suit is filed: "The policy specifically applies to negligent acts, errors or omissions either during the policy period or prior to the policy period if the claim is made or the suit is brought against the insured (actor) during the policy period. The term 'Insured,' with regard to plaintiff, is qualified by the proviso that he, an employee, must be acting within the scope of his duties as such. We cannot ignore or read out of the limitation on the definition of insured that the employee must be acting within the scope of his duties as such employee to be covered by the employer's policy. It is unreasonable to contend that the status of plaintiff as an independent insurance agent at the time of his prior act is immaterial to coverage. He simply was not an employee . . . when he failed, prior to employment to insure the parsonage. [Citation.] Nor do we find an ambiguity in the definition of insured or in the scope of the coverage . . . . The mere fact that the action was brought against plaintiff while he was an employee does not convert him to an insured." (*Ibid.*)

■ We are not unmindful of the various rules applicable to the interpretation of ambiguous insurance policies. There the interpretation that affords coverage is the correct one. (*Reserve Insurance Co.* v. *Pisciotta* (1982) 30 Cal.3d 800 [180 Cal.Rptr. 628, 640 P.2d 764].) If the claim in issue is arguably within the scope of the policy, the insured has a right to expect and is entitled to a defense. (*Insurance Co. of North America* v. *Liberty Mutual Ins. Co.* (1982) 128 Cal.App.3d 297 [180 Cal.Rptr. 244].) The duty to defend is broader than the duty to indemnify, and a defense must be provided where there is a potential for coverage. (*Miller* v. *Elite Ins. Co.* (1980) 100 Cal.App.3d 739, 753 [161 Cal.Rptr. 322].) ■ These rules do not apply to a policy free from ambiguity. Courts should not adopt a strained or absurd interpretation in order to create an ambiguity where none exists. (*Reserve Insurance Co.* v. *Pisciotta, supra,* 30 Cal.3d at p. 807.)

The judgment is affirmed. Respondent is entitled to costs on appeal.

Stone, P. J., and Abbe, J., concurred.