70 F.3d 1277
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edmont T. BARRETT, Plaintiff-Appellant,
v.
H.S. WEAVERS (UNDERWRITING) AGENCIES LTD.; Walbrook
Insurance Company Ltd.; Anglo American Insurance Company
Ltd.; Dearborn Insurance Company; and Assicurazioni
Generali Spa. London Branch, Defendants-Appellees.
 No. 94-55364.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 16, 1995.*
Decided Nov. 29, 1995.
 
 1
 Before: HALL and NOONAN, Circuit Judges, and PRO**, District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Edmont T. Barrett appeals a decision granting summary judgment in favor of providers of legal malpractice insurance (the "Insurers") who declined to defend a claim against him. Barrett claims that the insurance policy is ambiguous, requiring Insurers to defend him and that the district court erred in not considering the declaration of expert David E. Isselhard. We disagree and AFFIRM the grant of summary judgment.
 
 BACKGROUND
 
 4
 From November 10, 1986, until February 11, 1989, Barrett was employed as a lawyer by Israel & Benezra, the law firm insured under the policy at issue in this case. In January 1989 Barrett's former employer served him with a cross-complaint seeking indemnification in a malpractice action filed in 1987 relating in part to Barrett's practice there, specifically his alleged failure to file a certain claim before a statute of limitations expired. On February 9, 1989, Barrett tendered defense of the cross-complaint to the Insurers who declined it on the grounds that the policy covers only professional services performed in the conduct of Israel & Benezra's business.
 
 
 5
 The Insurers issued Policy No. SRF-3-42959 of Lawyers Professional Liability Insurance to the firm of Israel & Benezra as First Named Insured effective May 17, 1988 to May 17, 1989 (the "Policy"), also covering Barrett as an Insured. Barrett contends that, read together, the definition of "Professional Services" in the pre-printed "Claims Made" part of the Policy and the customized terms of Endorsement 001 to the Policy require coverage for all of his activities as a lawyer in the time covered by the Policy even if he did not perform them for Israel & Benezra. He also points to an invoice (the "Invoice") which indicates that Endorsement 001 covers "legal work performed on or after 12/31/84 and prior to the termination of the policy. Prior acts are excluded."
 
 
 6
 Endorsement 001 to the Policy repeats verbatim the "prior acts" language of the pre-printed part of the Policy, as it appears in Insuring Clause I-A.2. (b), and adds to it just four words, highlighted below. Aside from these four additional words, Insuring Clause I-A.2. (b) remains unchanged and obligates Insurers to pay covered claims arising:
 
 
 7
 (b) Subsequent to 12/31/84 but prior to the Policy Period, provided that ...
 
 
 8
 [Here Endorsement 001 simply repeats verbatim the rest of subparagraph (b), including the three provisos exactly as they appear in paragraphs i-iii of Clause I-A.2(b) of the pre-printed part of the Policy.]
 
 
 9
 Endorsement 001 also provides explicitly that "All other terms, conditions and limitations remain unchanged."
 
 ANALYSIS
 
 10
 A grant of summary judgment is reviewed de novo. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995). "The determination of whether an ambiguity exists in a contract is one of law and the trial court's ruling is not binding on an appellate court." Delgado v. Heritage Life Insurance Company, 157 Cal.App.3d 262, 270; 203 Cal.Rptr. 672, 676 (Ct.App.2d 1984). Both issues on appeal relate to interpretation of an insurance contract, which the district court correctly treated as "simply a matter of law." See Chatton v. National Union Fire Ins. Co., 10 Cal.App.4th 846, 865; 13 Cal.Rptr.2d 318, 331 (Cal.App. 1 Dist.1992).
 
 
 11
 When faced with claims that an insurance policy contains ambiguous language, a California court
 
 
 12
 must first attempt to determine whether coverage is consistent with the insured's objectively reasonable expectations. In so doing, the court must interpret the language in context, with regard to its intended function in the policy.... This is because "language in a contract must be construed in the context of that instrument as a whole, and in the circumstances of that case, and cannot be found to be ambiguous in the abstract."
 
 
 13
 Bank of the West v. Superior Court, 2 Cal.4th 1254, 1265, 10 Cal.Rptr.2d 538, 545 (Cal.1992), citing to Producers Dairy Delivery Co. v. Sentry Ins. Co. 41 Cal.3d 903, 916-917 & fn. 7, 226 Cal.Rptr. 558 (1986) (citations omitted). An insurance contract provision is ambiguous "when it is capable of two or more different constructions, both of which are reasonable." Rullman v. State Farm Mutual Automobile Ins. Co., 8 Cal.App.3d 606, 609, 87 Cal.Rtpr. 551, 553 (Ct.App.3d 1970) (citations omitted).
 
 
 14
 The only reasonable construction of the Israel & Benezra Policy is that it does not insure prior acts performed for another employer. Barrett could not reasonably have expected the coverage he now seeks under the Policy. This conclusion also comports with the plain meaning of the words in the Policy. Reserve Ins. Co. v. Pisciotta, 30 Cal.3d 800, 807, 180 Cal.Rptr. 628, 632 (Cal.1982) ("Words used in an insurance policy are to be interpreted according to the plain meaning which a layman would ordinarily attach to them.") Barrett's main argument for ambiguity turns on the Policy's definition of "Professional Services" which are those which are or should have been rendered:
 
 
 15
 in the Insured's capacity as a lawyer, notary, administrator of an estate, executor, guardian, trustee or in any similar fiduciary capacity in the conduct of the First Named Insured's business. [Section K.1]
 
 
 16
 Barrett claims that this use of "or" separates the activities listed before "or" from activities carried out "in any similar capacity in the conduct of the First Named Insured's business." The district court properly points out that the phrase "in the conduct of First Named Insured's business" could only reasonably be understood to modify all of the activities in the sentence.
 
 
 17
 Barrett claims further ambiguity in perceived inconsistencies between Endorsement 001 and the pre-printed part of the Policy. He argues that, unlike the definition of Professional Services, neither the Endorsement, the prior acts section of the pre-printed policy nor the Invoice expressly limits coverage to acts performed in the conduct of Israel & Benezra's business. This argument fails to consider the parts of the Policy as a whole and ignores the express statement in the Endorsement that "All other terms, conditions and limitations remain unchanged."
 
 
 18
 Because the Policy is not ambiguous, the court need not consider rules for interpreting insurance policies which are. Padberg v. The Travelers, 243 Cal.Rptr. 266, 268, 197 Cal.App.3d 1161 (Cal.App.2d Dist.1987). Absent ambiguity, Barrett may only reasonably expect that the plain and unambiguous terms of the contract will be upheld. Merrill & Seeley, Inc. v. Admiral Ins. Co., 225 Cal.App.3d 624, 630, 275 Cal.Rptr. 280 (1990).
 
 
 19
 Because the policy's written terms were clear, the district court properly declined to consider the Declaration of Barrett's expert, Issehard. Isselhard had no knowledge of any special meaning which the parties might have attached to the contested terms. See Pacific Gas & Elec. Co. v. G.W. Thomas Drayage & Rigging Co., 69 Cal.Rptr. 561, 565 (Cal.1968) (in bank) ("The fact that the terms of an instrument appear clear to a judge does not preclude the possibility that the parties chose the language of the instrument to express different terms."); Garcia v. Truck Insurance Exchange, 204 Cal.Rptr. 435, 439 (Cal.1984) (affirming Pacific Gas ). Nor does Isselhard offer evidence that the terms of the policy "acquired a particular meaning by trade usage." Pacific Gas, 69 Cal.Rptr. at 565. His subjective interpretation of the policy was, in short, irrelevant as an interpretive tool. See Chatton, 13 Cal.Rptr. at 331 (opinion evidence irrelevant to interpretation of insurance contract).
 
 CONCLUSION
 
 20
 The district court correctly declined to find ambiguity in the Policy where none existed and correctly declined to consider the expert declaration. Accordingly, we AFFIRM summary judgment in favor of the Insurers.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 The Honorable Philip M. Pro, United States District Judge for the District of Nevada, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3