129 F.3d 125
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CONTINENTAL CASUALTY COMPANY, an Illinois Corporation,
Plaintiff-Counter-Claim-Defendant-Appellee,
v.
Takako HAMACHI; Barbara Pazanowski,
Defendants-Counter-Claimants-Appellants,
and
Kinko Kurohara; Re/Max Palos Verdes-Spring Realty, a
California partnership, Defendants.
 No. 96-55793.
 United States Court of Appeals, Ninth Circuit.
 Nov. 12, 1997.
 
 Appeal from the United States District Court for the Central District of California Edward Rafeedie, District Judge, Presiding.
 Before: PREGERSON, D.W. NELSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Takako Hamachi, Barbara Pazanowski, and Real Party in Interest Richard K. Diamond ("real estate agents") appeal the district court's grant of summary judgment for Continental Casualty Co. ("Continental") on the duties to indemnify and defend and judgment on the pleadings for Continental on the real estate agents' counterclaims for breach of contract and breach of the implied covenant of good faith and fair dealing. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the judgments for Continental. We reverse the district court's order relieving Continental of the real estate agents' defense costs incurred prior to the settlement of the underlying action, however, and remand for a determination of the reasonableness of those fees.
 
 
 3
 First, we hold that Continental had no duty to indemnify the real estate agents because their acts were not actually covered by the claims-made insurance policy. Although the policy's definition of "you" may be somewhat sloppy, it is not ambiguous. Indeed, the common sense interpretation is that the policy only covers the real estate agents' acts occurring within the scope of their duties for tie named insured, Re/Max Palos Verdes--Spring Realty ("Spring Realty"). This interpretation is consistent with other California cases interpreting claims-made policies. See Taub v. First State Ins. Co., 44 Cal.App. 4th 811, 820, 52 Cal.Rptr.2d 1, 6 (1995); Padberg v. The Travelers Cos., 197 Cal.App.3d 1161, 1166, 243 Cal.Rptr. 266, 268 (1987); see also Bowie v. Home Ins. Co., 923 F.2d 705, 708 (9th Cir.1991).
 
 
 4
 Second, we hold that Continental had no duty to defend the real estate agents because their acts were not even potentially covered by the policy. As discussed above, the policy is not facially ambiguous. Furthermore, the plaintiffs in the underlying litigation did not and could not allege any wrongful acts by the real estate agents after the agents began working for Spring Realty in May 1992. The face of the plaintiffs' complaint focuses on the October 1990 transaction and the October 1991 default. The real estate agents' September 1992 meeting with the plaintiffs was not in any way connected to their employment with Spring Realty. Therefore, the plaintiffs' complaint did not allege any acts by the real estate agents that were potentially covered by the policy.
 
 
 5
 Although Continental had no duty to defend the real estate agents, it assumed a defense under a reservation of rights. Presumably, Continental made this strategic choice to avoid a possible bad faith claim by the real estate agents. When an insurer assumes a defense of its insured, it may cease providing that defense when it proves, to either a judge or jury, the absence of any potential for coverage under the policy. See Montrose Chemical Corp. v. Superior Court, 6 Cal.4th 287, 300, 24 Cal.Rptr.2d 467, 475 (1993). Continental assumed the real estate agents' defense, filed a declaratory relief complaint seeking the termination of its duty to defend, but then revoked its defense before a judicial determination on its duty to defend. Because Continental sought the protection of the district court when it assumed the real estate agents' defense, it must await the district court's resolution of its duties. Continental was required to pay the real estate agents' defense costs until the district court ruled on Continental's motion for summary judgment on the duty to defend or the underlying litigation settled.
 
 
 6
 An insurer has a quasi-contractual right to seek reimbursement for defense costs if a court later determines that the insurer had no duty to defend. Buss v. Superior Court, 16 Cal.4th 35, 52 n. 13, 65 Cal.Rptr.2d 366, 377 n. 13 (1997). California law requires an insurer to expressly reserve its right to reimbursement either by an agreement with the insured or by a clear reservation of its right to later sue for reimbursement. See id., 16 Cal.4th at 61 n. 27, 65 Cal.Rptr.2d at 384 n. 27; Val's Painting & Drywall, Inc. v. Allstate Ins. Co., 53 Cal.App.3d 576, 586, 126 Cal.Rptr. 267, 272 (1976).[1] This reservation gives the insured notice of the possibility that the insured will be responsible for these defense costs and allows the insured to decide whether to accept the defense under the insurer's control. See id., 16 Cal.4th at 61 n. 27, 65 Cal.Rptr.2d at 384 n. 27. Continental made no nonwaiver agreement with the real estate agents regarding defense fees. Nor did Continental specifically reserve its right to reimbursement of defense costs in its March 22, 1994 letter to the real estate agents. Therefore, Continental waived its right to reimbursement of defense costs incurred by the real estate agents in the underlying litigation. Continental's attempt to reassert its right to reimbursement in its declaratory relief complaint and October 1994 letter does not retract its previous waiver.
 
 
 7
 Contrary to Continental's argument to this court, it has not paid any of the real estate agents' defense fees from March 15, 1994 through the settlement of the underlying litigation on November 29, 1994. It is liable for those costs incurred during that period which the district court determines to be reasonable.
 
 
 8
 Finally, we hold that the district court did not err in sua sponte granting judgment on the pleadings for Continental on the real estate agents' counterclaim for breach of contract and breach of the implied covenant of good faith and fair dealing. The counterclaim was inextricably intertwined with Continental's declaratory relief action for a determination on its duty to defend. See Rosen v. National Title Ins. Co., 66 Cal.Rptr.2d 714, 718 (1997). The issue of the interrelatedness of the counterclaim to Continental's complaint surfaced on numerous occasions before the district court. Therefore, the real estate agents had adequate notice that the continued viability of their counterclaim would be considered by the district court during its determination of Continental's duty to defend. Also, we reject the real estate agents' argument that Continental's reservation of rights letter constitutes a contract independent of the insurance policy.
 
 
 9
 The district court's grant of summary judgment and judgment on the pleadings for Continental is AFFIRMED. The district court's order relieving Continental of liability for the real estate agents' defense fees incurred from March 15, 1994 to November 29, 1994 is REVERSED. The case is REMANDED for a determination of the reasonableness of those fees. Each party shall bear its own costs on appeal.
 
 
 10
 D.W. Nelson, Circuit Judge, Dissenting in Part:
 
 
 11
 I concur in all but one aspect of the majority's memorandum disposition. I agree with the majority that "Continental had no duty to defend the real estate agents because their acts were not even potentially covered by the policy." If there was never any such potential, however, I am unable to find a legal basis for holding Continental liable for any unpaid defense costs. Had Continental refused from the beginning to pay any defense costs, we could not require it to pay those costs now. See Eigner v. Worthington, 57 Cal.Rptr.2d 808, 813 (1997). I do not see how the fact that Continental paid a portion of those expenses now obliges Continental to pay all of them.
 
 
 12
 If the real estate agents detrimentally relied on Continental's March and October 1994 letters assuring them that it would provide a defense, they should sue in contract or seek a statutory remedy. See, e.g., Cal. Ins.Code § 790.03 (prohibiting unfair insurance practices). I do not believe, however, that the March and October letters created a duty to defend where none otherwise was found to exist. Moreover, since Continental does not now seek reimbursement for any of the defense costs it has paid--but, rather, seeks only to avoid paying additional defense costs--the reimbursement cases cited by the majority simply do not bear on the present dispute.
 
 
 13
 For the foregoing reasons, I respectfully dissent from the majority's decision to require Continental to pay any unpaid defense costs incurred before the settlement of the underlying action.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 These cases, of course, involved insurers seeking reimbursement for defense costs they had paid to the insureds after a court determined there was no defense duty. Here, we hold that Continental cannot seek reimbursement for defense costs it has not paid to the real estate agents. Continental, however, cannot avoid the rule of these cases simply because it acted as its own judge and terminated its defense before the district court considered the issue