[No. 41622-7-I.    Division One.    March 8, 1999.]

JOAN SCHWINDT, *as Assignee, Appellant,* v.
COMMONWEALTH INSURANCE COMPANY, *Respondent.*

*Thomas W. Hayton*, for appellant.

*Scott D. Fletcher* of *Hight Green & Yalowitz*, for respondent.

GROSSE, J. — In this action by Pan Pacific Builders, Ltd. (Pan Pacific), against its insurer, Commonwealth Insurance Co. (Commonwealth), for failure to cover damage to a building which Pan Pacific was constructing, the trial court granted Commonwealth's motion for summary judgment on the basis that the applicable statute of limitation had expired. Joan Schwindt, as assignee of the interest of Pan Pacific, appeals the trial court's order. She alleges that the trial court improperly identified the triggering event for statutes of limitation under insurance policy contracts, and that there are disputed issues of material fact relating to when the covered damage occurred, and when Pan Pacific became aware of the covered damage. Because the trial court correctly determined that Schwindt's claim is barred by the statute of limitation, we affirm.

FACTS

In December 1984, Pan Pacific contracted with Com-

monwealth to provide insurance for Pan Pacific during its construction of the Bellingham Surgery Center. Pan Pacific purchased from Commonwealth a business risk policy which insured against losses occurring between December 20, 1984 and January 31, 1986—the expected period of construction for the Bellingham Surgery Center. The policy specifically exempted from coverage the "[c]ost of making good faulty or defective workmanship, material, construction or design," but the policy did cover "damage resulting from such faulty or defective workmanship, material, construction or design." Schwindt refers to this latter type of damage as "radiating" or "continuing" damage.

Pan Pacific abandoned construction of the Bellingham Surgery Center prior to its completion and, in 1991, the Bellingham Surgery Center's owners, Schwindt and Richard Jones, sued Pan Pacific in Whatcom County, alleging negligent workmanship and breach of contract.[1] In October 1993, Pan Pacific notified Commonwealth that it intended to seek indemnification for this claim by the owners, and on January 20, 1994, Pan Pacific commenced this suit against Commonwealth. On April 25, 1994, the owners and Pan Pacific settled the Whatcom County actions, and Pan Pacific assigned its rights under the pending lawsuit with Commonwealth to the owners. On February 13, 1997, Pan Pacific provided Commonwealth with a "Proof of Loss" statement signed by Pan Pacific's president, Bruce Beard, which claimed $318,346 in damages.[2] All of the claimed damages resulted from defective workmanship and materials used in the installation of the air conditioner chiller, the glass block towers, and the basement waterproofing. The proof of loss statement indicated that Beard was aware of this original damage before January 31, 1986—the date the

---

[1]The owners' amended complaint, filed in 1994, similarly referred to defective equipment and material, specifically "mechanical equipment" and "doors and door hardware."

[2]For a detailed description of the damage, see the related case, *Schwindt v. Underwriters at Lloyd's of London*, 81 Wn. App. 293, 296, 914 P.2d 119, *review denied*, 130 Wn.2d 1003 (1996).

insurance policy expired.

On October 9, 1997, the trial court granted Commonwealth's motion for summary judgment, finding that there were no disputed issues of material fact, and concluding as a matter of law that Pan Pacific's failure to commence its action within the six-year statute of limitation precluded recovery under the insurance contract. Pan Pacific appealed, claiming that this cause of action accrued when Commonwealth rejected its claim for indemnification, not when the damage occurred, and that the equitable doctrine of prejudice suffices to protect insurers from tardy claims. It also argues that genuine issues of material fact exist as to when Pan Pacific discovered the continuing loss it asserts is the subject of its claim.

## DISCUSSION

The parties do not dispute that the applicable statute of limitation period for written insurance contracts is six years,[3] but they disagree about the timing of accrual of the claim. Commonwealth argued, and the trial court agreed, that because Washington law requires that contract actions be commenced within six years after the claim accrues, Commonwealth properly denied coverage of Pan Pacific's claims.[4] Schwindt counters that the limitation period on insurance policy claims accrues when an insurer rejects an insured's claim—not when the insured incurs covered damage. It explains that the resulting delay in notice to the insurance company is significant only if the company suffers prejudice as a result of the delay.

Interpretation of an insurance policy is a matter of law.[5] Insurance policy language is interpreted as it would be understood by an average person and in a manner that

---

[3]RCW 4.16.040.

[4]The claims originated before the insurance policy expired on January 31, 1986, and were not brought to Commonwealth's attention until October 27, 1993.

[5]*McDonald v. State Farm Fire & Cas. Co.*, 119 Wn.2d 724, 730, 837 P.2d 1000 (1992).

gives effect to every provision.[6] The Commonwealth policy provides coverage "in respect of occurrence happening during the period of this Policy, against All Risk of Direct Physical Loss of or Damage to . . . Property in course of construction . . . ." The policy further defines "occurrence" as "any one loss, disaster or casualty or series of losses, disasters or casualties arising out or [sic] any one event." Consistent with this policy definition, Washington law views the time of an "occurrence" for property insurance coverage purposes as the date the property sustains damage.[7]

The cases Schwindt relies upon to support her claim that accrual occurs when an insurance company rejects a claim from an insured are not helpful to her argument. For instance, in *Bush v. Safeco Insurance Company of America*,[8] an insured sought compensation for liability stemming from his commission of an intentional tort. The court decided that the cause of action accrued when the court entered a final judgment against the insured. Situations such as these have no direct relevance to property insurance claims that condition coverage directly on "occurrence" of damage or loss. Because we reject Schwindt's theory of accrual, her related prejudice arguments need not be addressed.

Alternatively, Schwindt contends that, "even if the limitation period starts with the discovery by the insured of the damage," the trial court erred in granting summary judgment because there are unanswered questions of material fact. Schwindt argues that original installation of defective materials combined with faulty workmanship resulted in continuing damage to other areas of the building which may have occurred within the policy period. This damage

---

[6]*McDonald*, 119 Wn.2d at 733.

[7]*See Villella v. Public Employees Mut. Ins. Co.*, 106 Wn.2d 806, 811, 725 P.2d 957 (1986); *Cope Constr. Co. v. American Home Assurance Co.*, 28 Wn. App. 38, 44, 622 P.2d 395 (1980); *Swift v. American Home Assurance Co.*, 22 Wn. App. 777, 780, 591 P.2d 1216 (1979); *Gruol Constr. Co. v. Insurance Co. of N. Am.*, 11 Wn. App. 632, 636, 524 P.2d 427 (1974).

[8]*Bush v. Safeco Ins. Co. of Am.*, 23 Wn. App. 327, 330, 596 P.2d 1357 (1979).

would have likely been covered by the Commonwealth policy because the policy includes "damage resulting from . . . faulty or defective workmanship, material, construction or design." She contends that the trial court's entry of summary judgment was inappropriate because there are unanswered questions of material fact about when Pan Pacific discovered the continuing damage. With this argument, Schwindt assumes that *discovery*, and not occurrence, of covered loss can serve as the statute of limitation trigger.[9] This logic seems to stem from either the concept of continuing damage, or from a notion that this court should apply the discovery rule to RCW 4.16.040.[10]

The continuing damage theory can be used to hold insurance companies liable for damage discovered after the expiration of an insurance policy only when the damage is unforeseeable.[11] In these situations, the date of discovery serves as the time of accrual of the statute of limitation.[12] In *Gruol Construction Co. v. Insurance Co. of North America*, this court held that dry rot caused by negligent backfilling during construction was an "accident" or "occurrence" within the language of the insurance policy and that "the injury and damage [resulting from the backfilling] was a continuing process until its discovery . . . ."[13] If

---

[9]Commonwealth also mischaracterizes the statute of limitation trigger as the date the insured became aware of the loss, but its error is due to the fact that it is referring to Pan Pacific's awareness of the original damage sustained during the construction period.

[10]Whether to extend the discovery rule to the circumstances of a particular case is "a judicial policy determination." *Gazija v. Nicholas Jerns Co.*, 86 Wn.2d 215, 221, 543 P.2d 338 (1975); *Peters v. Simmons*, 87 Wn.2d 400, 405, 552 P.2d 1053 (1976). In all cases in which it has been applied, the plaintiff has lacked the means or ability to ascertain that a legal cause of action has accrued. *See In re Estates of Hibbard*, 118 Wn.2d 737, 750, 826 P.2d 690 (1992). Because Pan Pacific did not lack the ability to discover the damage it complains of within the statute of limitation period and because Schwindt did not specifically ask this court to judicially extend the discovery rule to insurance contract claims, further analysis of this issue is not required.

[11]*Gruol*, 11 Wn. App. at 635.

[12]*See Gruol*, 11 Wn. App. at 633.

[13]*Gruol Constr. Co. v. Insurance Co. of N. Am.*, 11 Wn. App. 632, 633, 524 P.2d 427 (1974).

not for several significant distinctions, this case would support Schwindt's argument. First, the insurance contracts construed by the *Gruol* court differ from the Commonwealth contract. The two insurance policies at issue in *Gruol* specifically define "occurrence" as including "continuous or repeated exposure to conditions . . . ." As previously noted, the Commonwealth policy defined occurrence as "any one loss, disaster or casualty or series of losses, disasters or casualties arising out or [sic] any one event." The damage in the current case, therefore, "occurred" at the time of the defective installation of the chiller, glass towers, and basement waterproofing.

Second, the *Gruol* court stated that "[h]ad the trial court found that Gruol knew about the defective backfilling and its possible result,"[14] it would have reached a contrary result. The court stressed that the concept of continuing damage can be used only when the damage is "unusual, unexpected or unforeseen . . . ."[15] Because Bruce Beard, Pan Pacific's president, stated in the proof of loss statement he provided to Commonwealth that he was aware of the defective workmanship and materials which allegedly led to the "continuing damage" before the insurance policy expired, Schwindt cannot now claim that this damage was unexpected for the purpose of circumventing the statute of limitation. The trial court correctly concluded that Schwindt's claims are barred as a matter of law.

Affirmed.

KENNEDY, C.J., and COX, J., concur.

Review granted at 138 Wn.2d 1008 (1999).

---

[14]*Gruol*, 11 Wn. App. at 635.

[15]*Id.*